Ermon STELLY, Petitioner,

v.

Michael PAPANIA, Respondent.

No. 96–0274.

Supreme Court of Texas.

June 28, 1996.

Rehearing Overruled Sept. 19, 1996.

Michael J. Truncale, Martha R. Campbell, Beaumont, for petitioner.

Thomas P. Roebuck, Jr., L.K. Greer, Brett S. Thomas, Beaumont, for respondent.

PER CURIAM.

■ We consider whether a trial court abuses its discretion by allowing a party to withdraw and amend its original answers to a request for admissions. We hold that a trial court does not abuse its discretion when the moving party shows: (1) good cause; (2) that the party relying on the responses will not be unduly prejudiced; and (3) that the withdrawal will serve the purpose of legitimate discovery and the merits of the case. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court to determine the merits of the appeal.

After delivering a pizza to Ermon Stelly's house, Michael Papania slipped on a patch of mud in what he believed to be Stelly's front yard. As a result, he suffered a broken leg. Papania sued Stelly and the City of Port Neches. He alleged that the City created the mud patch when it worked on the sewer line in front of Stelly's home.

Papania sent Requests for Admissions to both Stelly and the City. Stelly mistakingly admitted that he owned the premises on which Papania fell. Papania non-suited the City and the trial court later dismissed all of Papania's claims against the City with prejudice. Later, Stelly discovered that the City owned the land where Papania fell. A surveyor's report revealed that Stelly's boundary line ended seven feet before the street curb.

Stelly moved to withdraw and amend his previous admissions. He also moved for summary judgment on grounds that he did not: (1) own the property by the street; (2) actively cause the alleged defective condition on the City's property; and (3) have a duty to keep the City's land safe.

The trial court granted both motions. The court of appeals reversed and remanded. That court held that the trial court abused its discretion because Stelly did not show that his new responses would not prejudice Papania. Because the new responses formed the basis for Stelly's motion for summary judgment, the court of appeals reversed the judgment and remanded the case for trial.

■ Stelly argues that the trial court did not abuse its discretion because the surveyor's report about who actually owned the land provided good cause for Stelly to amend his responses to Papania's request for admissions. Stelly also contends that his amended admissions did not prejudice Papania because: (1) Papania's claim against the City was barred because he did not give timely notice under the Texas Tort Claims Act[1]; and (2) even if Papania had relied on Stelly's original admission, Stelly's ownership could not absolve the City of responsibility for creating a hazard. We agree.

This case presents a unique situation. We have never considered whether a party can withdraw its original response to a request for admission and substitute it with a new response. Moreover, decisions from the courts of appeals are limited to cases where parties seek to withdraw *deemed* admissions. *See, e.g., Burden v. John Watson Landscape Illumination, Inc.,* 896 S.W.2d 253, 256 (Tex. App.—Eastland 1995, writ denied); *North*

1. *See* Tex.Civ.Prac. & Rem.Code § 101.001 et seq.

*River Ins. Co. of New Jersey v. Greene,* 824 S.W.2d 697, 700 (Tex.App.—El Paso 1992, writ denied); *Employers Ins. of Wausau v. Halton,* 792 S.W.2d 462, 465 (Tex.App.—Dallas 1990, writ denied). Although this case does not involve deemed admissions, we find these cases instructive.

▆ A party may withdraw a deemed admission "upon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." TEX.R.CIV.P. 169(2). After the rule was amended in 1988, "good cause" became the threshold standard for withdrawal of deemed admissions. *Halton,* 792 S.W.2d at 465. A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. *Greene,* 824 S.W.2d at 700; *see Halton,* 792 S.W.2d at 465.

▆ A trial court has broad discretion to permit or deny the withdrawal of deemed admissions. *Halton,* 792 S.W.2d at 464. An appellate court should set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *See Simon v. York Crane & Rigging Company, Inc.* 739 S.W.2d 793, 795 (Tex.1987); *Burden,* 896 S.W.2d at 256. An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

▆ The purpose of the rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the litigants' rights under established principles of substantive law. *See* TEX.R.CIV.P. 1. The "ultimate purpose of discovery is to seek the truth...." *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984). The discovery rules

were not designed as traps for the unwary, nor should we construe them to prevent a litigant from presenting the truth. *See Burden,* 896 S.W.2d at 256. As we stated:

> The primary purpose of [Rule 169] is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.

*Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950); *see also Birdo v. Parker,* 842 S.W.2d 699 (Tex.App.—Tyler 1992, writ denied).

There is evidence in the record to support the trial court's order allowing Stelly to withdraw his admissions. Stelly presented affidavit testimony that, upon discovering the faulty admissions, he immediately filed his motion to withdraw them and amend his responses. He offered the surveyor's affidavit and report to show "good cause." The report and affidavit showed that he did not own the property where Papania fell. Papania offered no controverting evidence.

Papania was not prejudiced by the withdrawal for two reasons. First, his failure to comply with the notice provision under the Texas Tort Claims Act precluded his suit against the City regardless of who owned the land.[2] Secondly, even if Stelly's original admission were true and he did own the land, it would not affect Papania's ability to sue the City for creating the alleged hazard.

Because the trial court properly conducted a hearing on both motions and based its decision on evidence in the record, we cannot say that it abused its discretion. The court of appeals incorrectly concluded that the trial court abused its discretion on a procedural point. It, therefore, declined to consider the merits of Stelly's duty, if any, to Papania. We disagree. Without hearing oral argument the Court remands this case to the court of appeals to determine whether the

---

2. Under the Texas Tort Claims Act, absent actual notice, "[a] governmental unit is entitled to receive notice of a claim against it ... not later than six months after the day that the incident giving rise to the claim occurred." TEX.CIV.PRAC. & REM.CODE § 101.101.

trial court properly granted Stelly summary judgment. *See* TEX.R.APP.P. 170 and 184(c).