TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00650-CV







Freddie Louis Brewer, Appellant


v.


Texas Department of Criminal Justice Board of Pardons and Paroles; Gerald Garrett;
Lynn Brown; Linda Garcia; Rissie Owens; Alvin Shaw; Sandie Walker;

and Lucinda Simons, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. GN002172, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING






 Freddie Louis Brewer appeals from the district court's dismissal of his petition for
writ of mandamus as frivolous. Brewer requested that the court order the Texas Board of Pardons
and Paroles to implement parole guidelines; he also asked for a declaration of the meaning of the
statutory requirement that the Board implement parole guidelines. He contended that the Board's
failure to implement parole guidelines was a statutory violation and therefore negligence per se. On
appeal, Brewer complains that the district court erred by allowing the Board to withdraw deemed
admissions, dismissing his petition, and otherwise denying him relief. We will affirm the judgment.

 

BACKGROUND


 Brewer, an inmate, requested that the district court order the Board to implement
parole guidelines as required by statute. See Tex. Gov't Code Ann. § 508.144 (West 1998). He
moved for summary judgment after the Board failed to timely deny his requests for admission. The
deemed admissions were that the Board knew it had to develop and implement parole guidelines,
that its existing guidelines did not satisfy the requirement, that he had requested implementation of
new guidelines, that eligible inmates are entitled to have their applications reviewed under properly
implemented new guidelines, and that the Board must notify inmates denied parole of that decision
in writing.

 The Board responded with a motion to strike the deemed admissions and a motion
to dismiss. The Board supplied affidavits attesting that its attorney did not receive the requests for
admissions timely because her legal assistant mistakenly did not forward the requests to her. The
Board moved to dismiss on grounds that Brewer did not comply with statutes governing suits by
indigent inmates. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West Supp. 2002). 
Among other charges, the Board contended that his petition was frivolous because a writ of
mandamus is not the proper means to shorten a term of confinement; instead, a writ of habeas corpus
is the proper method.

 The district court struck the deemed admissions and dismissed the case as frivolous. 
Brewer asserted that he received notice of this judgment more than twenty days after the judgment,
and moved the court to retain plenary jurisdiction.


DISCUSSION


 Brewer raises four issues on appeal. He complains that the district court erred by
allowing the Board to withdraw its deemed admissions, by denying his motion for summary
judgment, by dismissing his petition, and by not holding a hearing on his motion to retain plenary
jurisdiction.

 We review a court's decision to permit the withdrawal of deemed admissions for an
abuse of discretion. Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996). An abuse of discretion
occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or
unreasonably. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985). A
court may permit a party to withdraw an admission if a court finds that the party shows good cause
for the withdrawal, that the parties relying on the admission will not be unduly prejudiced, and that
the withdrawal will subserve the presentation of the action's merits. Tex. R. Civ. P. 198.3. A party
can establish good cause by showing that its failure to answer was accidental or the result of mistake,
rather than intentional or the result of conscious indifference. Stelly, 927 S.W.2d at 622.

 We conclude that the district court did not abuse its discretion by permitting the
Board to withdraw its deemed admissions. The Board presented affidavit testimony from its lawyer
and her legal assistant showing that the legal assistant mistakenly failed to deliver the requests for
admissions to the lawyer; the Board argues that this was a mistake, not an intentional or consciously
indifferent failure to answer. The admissions were withdrawn on August 3, 2001, well before the
trial date of January 28, 2002, so Brewer would have had time to develop evidence on the issues had
the case continued. The withdrawal of the deemed admissions allowed the court to consider the
merits of the cause of action without the distortion from unintended, conclusory admissions that did
not reflect the views of the party deemed to have admitted them. The district court did not abuse its
discretion by permitting their withdrawal.

 Nor did the court err by denying the motion for summary judgment. Brewer's motion
relied heavily on the deemed admissions. Without them, he did not show that there was no genuine
issue as to any material fact and that he was entitled to judgment as a matter of law; the court
correctly denied his motion. See Tex. R. Civ. P. 166a(c).

 We review the dismissal of a lawsuit brought by an indigent inmate for an abuse of
discretion. See Barnum v. Munson, Munson, Pierce & Cardwell, P.C., 998 S.W.2d 284, 286 (Tex.
App.--Dallas 1999, pet. denied). The district court need not rely on the defendant to assert
frivolousness; in fact, the district court may dismiss even before the defendant is served with process. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (West Supp. 2002). Factors in determining whether
a suit is frivolous include whether:



 the claim's realistic chance of ultimate success is slight;
 the claim has no arguable basis in law or in fact;
 it is clear that the party cannot prove facts in support of the claim; or
 the claim is substantially similar to a previous claim filed by the inmate because
the claim arises from the same operative facts.



Id. § 14.003(b). Because the district court did not state the basis on which it found Brewer's suit
frivolous, we must affirm on any basis supported by the record. See City of Houston v. Thomas,
(Tex. App.--Houston [1st Dist.] 1992, no writ).

 Brewer contends that the Board has not complied with the requirement, passed in 1997,
that the board must implement guidelines for making parole decisions. See Tex. Gov't Code Ann.
§ 508.144(a). He seeks a writ of mandamus ordering the Board to implement guidelines as required
by the Government Code. Brewer ignores the Texas Administrative Code section entitled "Standard
Parole Guidelines," promulgated by the Board and effective on May 1, 1995. See 37 Tex. Admin.
Code § 145.2 (2001); (1) see also 20 Tex. Reg. 2681 (1995). Brewer apparently believes that, because
the 1995 guidelines were effective more than two years before Government Code section 508.144
was effective, the existing guidelines cannot serve to satisfy the Government Code requirement that
the Board adopt guidelines.

 Brewer ignores the fact that the enactment of section 508.144 was essentially a
recodification of an existing and similar requirement from a precursor statute. The former statute,
in effect when the Board's 1995 guidelines were adopted, provided as follows:


 developed according to an acceptable research method and shall be based on the
seriousness of the offense and the likelihood of favorable parole outcome. The board
shall review the parole guidelines periodically and make reports on those reviews to 
the Legislative Criminal Justice Board. If a member of the board deviates from the
parole guidelines in casting a vote on a parole decision, the member shall produce a
brief written statement describing the circumstances regarding the departure from the
guidelines and place a copy of the statement in the file of the inmate for whom the
parole decision was made. The board shall keep a copy of each statement in a central
location.


1993 Tex. Gen. Laws at 4307-08. The recodification (2) essentially placed the former statute into an
outline structure; the substance of the requirements regarding the Board's development of parole
guidelines did not change. Compare Act of May 28, 1993, 73rd Leg., R.S., ch. 988, § 10.04, sec.
8(f), 1993 Tex. Gen. Laws 4274, 4307-08 (codified at Tex. Code Crim. Proc. 42.18 § 8(f), repealed
by Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.22, 1997 Tex. Gen. Laws 327, 443) with Act
of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.22, sec. 508.144, 1997 Tex. Gen. Laws 327, 425
(codified at Tex. Gov't Code Ann. § 508.144). Indeed, the legislature expressly stated that the 1997
act was nonsubstantive. 1997 Tex. Gen. Laws at 327. The recodification did not require that the
Board pass new guidelines, only that it have guidelines. The guidelines adopted in 1995 were not
invalidated simply because the 75th Legislature reformatted and relocated the requirement that there
be guidelines. To the extent that Brewer argues that the statute's meaning is uncertain, the
recodification using essentially the same words means that the Board had to give the new statute the
same meaning as it did the repealed statute. See Fleming Foods, Inc. v. Rylander, 6 S.W.3d 278, 282
(Tex. 1999).

 Because the Board already had parole guidelines in 1997, it has not shirked its duty
under the recodification to implement guidelines, it did not commit negligence per se by violating
a statutory duty to implement guidelines, and the district court could not order it to adopt guidelines
when it already had them. A declaration of the meaning of the requirement to implement guidelines
is unnecessary; the guidelines were implemented in 1995, and the 1997 recodification did not require
new action by the Board. Brewer's claim had no arguable basis in law or fact and no realistic chance
of success, and the district court did not abuse its discretion by dismissing his petition as frivolous.

 Brewer's final issue regarding the district court's failure to hold a hearing regarding
when he received notice of the dismissal does not require reversal. See Tex. R. Civ. P. 306a. The
hearing allows litigants to prove they received late notice of judgment so that they can delay the
onset of the appellate timetables until the date of notice. See id. The ultimate impact of a Rule 306a
hearing is that an untimely appeal is deemed timely and may proceed. Despite the court's failure to
hold a 306a hearing, we have considered the merits of Brewer's appeal. He has shown no harm.


CONCLUSION


 Having resolved all issues in favor of the district court's decisions, we affirm the
dismissal of Brewer's petition.



 

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 25, 2002

Do Not Publish
1. The administrative code provides in part as follows:

 


 To assist the parole decision-maker in its investigation of a possible parole
release, the board has adopted standard parole guidelines that are the basis,
but not the exclusive criteria upon which parole decisions are made.

 The standard parole guidelines shall include: 



 (A) current offense or offenses; 

 (B) time served; 

 (C) the risk factors (consideration for public safety); 

 (D) institutional adjustment; 

 (E) the criminal history; 


 
 
 official information supplied by trial officials including victim impact
statements; 
 
 


 (G) information in support of parole.


37 Tex. Admin. Code § 145.2(b).
2. The recodified statute provides, in relevant part, that the Board shall:


 (1) develop according to an acceptable research method the parole guidelines
that are the basic criteria on which a parole decision is made;



 base the guidelines on the seriousness of the offense and the likelihood of
a favorable parole outcome;

 implement the guidelines; and

 review the guidelines periodically.




Tex. Gov't Code Ann. § 508.144(a).