COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

GUADALUPE MORA HERNANDEZ,                )

                                                                              )              
No.  08-01-00100-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
County Court at Law #2

THE STATE OF TEXAS,                                     )

                                                                              )           
of Midland County, Texas

Appellee.                           )

                                                                              )               
(TC# CR-82,253)

                                                                              )

 

O
P I N I O N

 

Appellant
Guadalupe Mora Hernandez appeals from her conviction of driving while
intoxicated.  On appeal, she brings three
issues:  (1) the trial court erred in
denying Appellant=s
challenge for cause of a venire person; (2) the trial court abused its
discretion in allowing testimony of horizontal gaze nystagmus (AHGN@)
test without a Kelly-Daubert inquiry; and (3) the trial court abused its
discretion in allowing testimony concerning use of a passive alcohol sensor
without a Kelly-Daubert inquiry. 
We  affirm.








On November 15,
1999, a trial was held on the State=s
charge that Appellant had been driving while intoxicated.  At the end of voir dire, Appellant objected
to Juror No. 5 based on her bias for the State, since she had responded, AI probably would,@ when asked if she had a predisposition
to believe a police officer more than someone else in a DWI case.  The trial court denied Appellant=s motion to strike Juror No. 5 for
cause and Appellant used a peremptory challenge to strike her.  Appellant sought one more peremptory
challenge, which the trial court denied, and six jurors were empaneled
eventually.

A single witness,
Matthew Ruff, a trooper with Texas Department of Public Safety, testified at
trial.  He had made a traffic stop on
Appellant for failure to wear a seatbelt when he noticed a fairly strong odor
of alcohol on her.  The trooper
administered on Appellant several field sobriety tests to assess Appellant=s intoxication level, including the HGN
test and also used a passive alcohol sensor. 
Appellant objected to the trooper testifying on the HGN test and the
result of the passive alcohol sensor until the requirements of Hartman v.
State, 946 S.W.2d 60 (Tex.Crim.App. 1997) were met.  The trial court overruled the
objections.  

The jury found
Appellant guilty of driving while intoxicated. 
Per agreement between Appellant and the State, punishment was assessed
by the trial court at forty-five days confinement in state jail plus a fine of
$500.

In her first
issue, Appellant contends she was harmed when the trial court incorrectly
overruled her challenge for cause against Juror No. 5.

In order to
preserve error on a challenge for cause, the defendant must (1) issue a
specific challenge for cause, (2) obtain a ruling on the challenge, (3) use the
peremptory challenge on the complained-of juror, (4) exhaust the peremptory
challenges, (5) request additional peremptory challenges, (6) identify a member
of the jury as objectionable, and (7) claim that he would have struck the juror
with a peremptory challenge.  Rosales
v. State, 4 S.W.3d 228, 232 (Tex.Crim.App. 1999); Broussard v. State,
910 S.W.2d 952, 956-57 (Tex.Crim.App. 1995). 









Appellant has
failed to preserve error, because she did not identify in the record which
members of the jury panel she found objectionable.  Before presenting a complaint for appellate
review, the appellant must have notified the trial court of the error by a
timely request, objection, or motion and obtain a ruling.  Tex.R.App.P.
33.1(a).  Since no error was preserved
for review, Appellant has waived it.  We
overrule Issue One.

In Issues Two and
Three, Appellant argues the trial court abused its discretion in admitting
testimony on the HGN test and the passive alcohol sensor without conducting an
inquiry on the reliability of those methods of assessing intoxication.  

We review the
trial court=s
decision to admit or exclude evidence under an abuse of discretion
standard.  Green v. State, 934
S.W.2d 92, 101‑02 (Tex.Crim.App. 1996), cert. denied, 520 U.S.
1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997); Montgomery v. State, 810
S.W.2d 372, 379‑80 (Tex.Crim.App. 1990). 
An abuse of discretion occurs when the trial court=s judgment is without any reference to
guiding rules or principles, or is arbitrary or unreasonable.  Stelly v. Papania, 927 S.W.2d 620, 622
(Tex. 1996).  We will not reverse a trial
court=s ruling,
which was within the Azone
of reasonable disagreement.@  Green, 934 S.W.2d at 102; Montgomery,
810 S.W.2d at 391.

In her second
issue, Appellant seeks reversal of the holding in Emerson v. State, 880
S.W.2d 759, 764-69 (Tex.Crim.App. 1994), in which the Texas Court of Criminal
Appeals took judicial notice of the scientific theory and technique underlying
the HGN test.  Id.  The court concluded that although the theory
behind the test was reliable, the application of the test was a different
matter.  Id.  Therefore, expert testimony is necessary only
to establish the test was properly applied. 
Id. at 769.








Appellant does not
attack the validity of the application of the HGN test but instead argues that
expert testimony should establish the test is based on scientifically reliable
and valid theory each time evidence of the HGN test is introduced.  We decline Appellant=s
invitation to go against an established precedent.  Issue Two is overruled.

In Issue Three,
Appellant points out the trial court erred by not requiring proof of the
reliability of the passive alcohol sensor and admitting the evidence of the
breath test in reliance upon Fernandez v. State, 915 S.W.2d 572, 576
(Tex.App.--San Antonio 1996, no pet.)(holding the admission of results from a
non-certified passive alcohol sensor was not error).

To be considered
reliable, evidence based on a scientific theory must satisfy three
criteria:  (1) the underlying scientific
theory must be valid; (2) the technique applying the theory must be valid; and
(3) the technique must have been properly applied on the occasion in
question.  Hartman, 946 S.W.2d at
62, citing Kelly v. State, 824 S.W.2d 568, 573 (Tex.Crim.App. 1992); see
Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125
L.Ed.2d 469 (1993).  Under Texas Rules of
Evidence 104(a) and (c) and Rule 702, the proponent must establish all three
criteria outside the presence of the jury, before the trial court may admit the
evidence.  Kelly, 824 S.W.2d at
573.  








Appellant objected
to the evidence when it was offered at trial Abased
on the Hartman case.@  However, to preserve error, an objection to
the admission of evidence must state the specific grounds for the objection, if
the specific grounds are not apparent from the context.  Tex.R.Evid.
103(a); Tex.R.App.P. 33.1; Bird
v. State, 692 S.W.2d 65, 70 (Tex.Crim.App. 1985).  An objection to an improper predicate that
fails to inform the trial court exactly how the predicate is deficient will not
preserve error.  Bird, 692 S.W.2d
at 70; Mutz v. State, 862 S.W.2d 24, 30 (Tex.App.‑-Beaumont 1993,
pet. ref=d).  Rule 702, Daubert, Kelly, and Hartman
cover numerous requirements and guidelines for the admission of expert testimony.  Scherl v. State, 7 S.W.3d 650, 652
(Tex.App.--Texarkana 1999, pet. ref=d).  An objection based on Rule 702 and these
cases alone is effectively a general objection to an improper predicate.  Scherl, 7 S.W.3d at 652.  Appellant=s
objection did not adequately inform the trial court of any complaint upon which
it might rule.  Therefore, we conclude
that no specific complaint about the reliability of the evidence was preserved
for appellate review.  Issue Three is
overruled.

The judgment of
the trial court is affirmed.

 

 

July
31, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)