NO. 12-02-00314-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: STEVEN HODGE d/b/a §
 ORIGINAL PROCEEDING

H&M FARMS


§
 






 

 Steven L. Hodge d/b/a H&M Farms ("Hodge") brings this petition for writ of mandamus
complaining of an order granting deemed admissions. We conditionally grant the writ.


Background


 In the early and mid-1990s, Billy McClintock ("McClintock") tended cattle on Hodge's farm.
In 1998, after McClintock's employment with Hodge ended, McClintock sued Hodge and others for
workers' compensation benefits, alleging that while he worked for Hodge, a cow had butted him in
the back and injured him. While the suit ("the first lawsuit") was pending, McClintock died, and
his adult daughter and independent administrator, Monica McClintock ("Monica"), substituted as
plaintiff. The parties reached a settlement, and on January 7, 2002, the trial court signed an agreed
judgment requiring Hodge to pay Monica $40,000.00. The agreed judgment recites that the parties
stipulated to certain matters, including the following:


 3. Beginning in September of 1992, Billy McClintock was employed as a farm worker and
foreman by Defendants. In connection with his employment, Plaintiff was covered by
workers' compensation insurance, and by law, the benefits of the Texas Workers'
compensation law became a part of Billy McClintock's employment contract with
Defendants.


 4. On or about May 8, 1994, Defendants' workers' compensation insurance coverage
terminated and Defendants did not give notice as required by law.


 5. On or about May or June of 1994, Billy McClintock was injured in the course and scope of
his employment with Defendants by being butted in the back by a cow and crushed against
a corral fence with such force as to break the fence and injure his pancreas.


 6. Such injury caused damage or harm to the physical structure of Billy McClintock's body and
diseases or infection has naturally resulted from such harm or incited, precipitated,
accelerated or aggravated a disease, infirmity, or condition, or caused damage or harm arising
from the medical or surgical treatment instituted to cure or relieve the effects of the injury.


 7. Such injury, respiratory failure, Adult Respiratory Distress Syndrome and pancreatitis were
producing causes of the death of Billy McClintock on March 12, 2001.


 8. The injury was not the result of negligence of any party.


 McClintock's two minor children, Josh McClintock ("Josh") and Ryan McClintock ("Ryan"),
were not parties to the first lawsuit. On March 11, 2002, approximately sixty days after the trial
court signed the agreed judgment, Janet Fitts ("Fitts"), as next friend for Josh, and Pam Gill ("Gill"),
as next friend for Ryan, filed a lawsuit against Hodge seeking $983,000.00 in workers' compensation
death benefits and attorney's fees. (1) It is from the lawsuit filed by Fitts and Gill ("the underlying
proceeding") that the complained-of order arises.

 The petition filed by Fitts and Gill includes allegations that are similar in substance to the
above-quoted stipulations. Hodge filed a general denial. On April 10, 2002, Fitts and Gill served
Hodge with requests for admissions. Six of the requests (the "requests") track the language of the
allegations in the petition that are similar to the above-quoted stipulations (the "prior stipulations"). 
On May 7, 2002, Hodge served his responses and denied the requests. Fitts and Gill moved to deem
affirmative answers to each of the requests maintaining that Hodge's responses are "improper,
evasive, an abuse of the discovery process, unreasonably frivolous or made for the purpose of delay
because [Hodge] stipulated in open Court in [the first lawsuit] to the truth of each of the matters
denied...." Hodge countered that the responses were both timely and appropriate and therefore the
requests were not subject to being deemed admitted. 

 On July 9, 2002, the trial court conducted a hearing on the motion. At the hearing, Fitts and
Gill argued that collateral estoppel bars Hodge from denying the requests because they encompass
the same matters as the prior stipulations. Hodge disputed Fitts and Gill's contention that the prior
stipulations are binding in the underlying proceeding and also informed the court that he had filed
a third-party action alleging fraud, misrepresentation, and conspiracy in the settlement of the first
lawsuit. On the same day, the trial court issued a letter order, which stated that the issue before the
court was as follows: "May a party in one suit, stipulate to facts, and in a subsequent suit, arising
from the same underling [sic] facts, deny factually that which was previously stipulated?" The court
answered the question in the negative and granted the deemed admissions. Hodge filed a motion for
reconsideration, which was denied on August 20, 2002. Thereafter, he filed this petition for writ of
mandamus requesting this Court to direct the trial court to vacate the admissions deemed against
him.

 

Availability of Mandamus Relief


 Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion where there is no adequate remedy by appeal. See Walker v. Packer, 827 S.W.2d 833,
839-41 (Tex. 1992). A relator who attacks the ruling of a trial court as an abuse of discretion labors
under a heavy burden. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). 
To establish an abuse of discretion, the relator must show that the trial court's decision was "so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law." Walker, 827 S.W.2d
at 839 (quoting Johnson, 700 S.W.2d at 917). A trial court has no discretion in determining what
the law is or applying the law to the facts. Walker, 827 S.W.2d at 840. Therefore, a "clear failure
by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." Id.

 An appeal from a discovery order is an inadequate remedy when (1) the appellate court
cannot cure the error; (2) the party's ability to present a viable claim or defense at trial is vitiated or
severely compromised by the error; (3) the trial court denies discovery that goes to the heart of a
party's case; or (4) the trial court disallows discovery and the missing discovery cannot be made part
of the appellate record or the trial court after proper request refuses to make it part of the record, and
the reviewing court is unable to evaluate the effect of the error on the record before it. Walker, 827
S.W.2d at 843-44.



Abuse of Discretion


 Hodge argues that the trial court abused its discretion in granting the deemed admissions
because the requests were timely answered in a manner that complies with rule 198 of the Texas
Rules of Civil Procedure. Specifically, Hodge maintains that Rule 198 contemplates that a request
for admission will produce a response of "admitted" or "denied." Therefore, he argues, if a response
has been filed, as in this case, the trial court cannot deem the request admitted unless the response
is untimely, evasive, or incomplete. (2) Consequently, he concludes, in ruling on Fitts and Gill's
motion, the trial court had no discretion to grant the deemed admissions based upon its
determinations that Hodge is bound by the prior stipulations.

 Rule 198.1 provides that a party may serve on another party "written requests that the other
party admit the truth of any matter within the scope of discovery...." Tex. R. Civ. P. 198.1. Rule
198.2 provides that the responding party must "admit or deny the request or explain in detail the
reasons that the responding party cannot admit or deny the request." Tex. R. Civ. P. 198.2(b). The
response "must fairly meet the substance of the request," and the responding party may qualify an
answer, or deny a request in part, only when good faith requires. Id. The rule also sets out
requirements for asserting lack of knowledge in response to a request and further provides that an
assertion that the request presents an issue for trial is not a proper response. Id. In short, Rule 198.2
sets forth the standards for the specificity required in responses to requests for admissions.

 Rule 215.4 provides that a party who has requested an admission under Rule 198 may move
to determine the sufficiency of the answer. Tex. R. Civ. P. 215.4(a). If the court determines that the
answer does not comply with the requirements of Rule 198, it may order either that the matter is
admitted or that an amended answer be served. Id. "The requirements of Rule 198" do not authorize
a trial court to address the merits of a party's response in determining its sufficiency. See Tex. R.
Civ. P. 198(b). Therefore, Hodge correctly asserts that when a response is filed, Rule 198 authorizes
deemed admissions only when the response is untimely, evasive, or incomplete. See Tex. R. Civ.
P. 198(b), (c); see also Tex. R. Civ. P. 215.4.

 Fitts and Gill assert that Rule 198 does not provide the only criteria for granting deemed
admissions and call our attention to Rule 215.3, which authorizes sanctions for abusing the discovery
process. Tex. R. Civ. P. 215.3. Relying on Rule 215.3, they argue that in determining the
sufficiency of a response, a trial court may determine if a "legitimate" controversy exists as to a
denied matter. They maintain that if the trial court determines a denied matter is not the subject of
a "legitimate" controversy, it may find that the responding party has abused the discovery process
and impose sanctions. Consequently, Fitts and Gill conclude that the trial court did not abuse its
discretion in granting the deemed admissions in the case at hand because (1) no "legitimate"
controversy exists as to the denied matters because those matters are incorporated in the prior
stipulations, and (2) Hodge's denial of those matters therefore constitutes an abuse of the discovery
process. 

 The purpose of requests for admissions is to simplify trials by eliminating matters about
which there is no real controversy, but which may be difficult or expensive to prove. Stelly v.
Papania, 927 S.W.2d 620, 622 (Tex. 1996). By identifying undisputed issues in advance of trial,
the parties not only expedite the trial but avoid the cost of proving undisputed facts. See Trevino
v. Central Freight Lines, 613 S.W.2d 356, 360 (Tex. Civ. App.- Waco 1981, no writ); see also
Gore v. Cunningham, 297 S.W.2d 287, 291 (Tex. Civ. App.- Beaumont 1956, writ ref'd n.r.e.). 
Thus, "[requests for admissions are] an implement for fair disposition of factual matters that could
be and would be agreed to." Esparza v. Diaz, 802 S.W.2d 772, 775 (Tex. App.- Houston [14th
Dist.] 1990, no writ).

 Denying a request for admission is akin to filing a general denial in that a denied request puts
the requesting party to its burden of proof on the issue. See Shell Chemical Co. v. Lamb, 493
S.W.2d 742, 744 (Tex. 1973) (A general denial puts the plaintiff on proof of every fact essential to
his case and issue is joined on all material facts asserted by the plaintiff except those required to be
denied under oath.). As is the case with both a general denial and a denied request for admission,
a denied matter may ultimately be proved. If that occurs where a request for admission was denied,
the denying party may be required to pay the requesting party reasonable expenses incurred in
making that proof, including reasonable attorney fees. Tex. R Civ. P. 215.4(b). However, Fitts and
Gill cite no case law, and we are not aware of any, supporting their contention that, as here, a party
may file a motion to deem admissions requesting that a trial court determine whether such a denial
has merit. Therefore, we conclude that such action by the trial court is not permitted by the rules of
procedure or the interpretive case law. 

 The requests in the case at hand comprise the factual basis for Fitts and Gill's claims in the
underlying proceeding. Hodge contests his liability on these claims as evidenced by his general
denial. See Shell Chemical Co., 493 S.W.2d at 744. Consequently, Hodge was entitled to deny the
requests, thereby identifying each as a disputed issue. See Stelly, 927 S.W.2d at 622; Gore, 297
S.W.2d at 291; Tex. R. Civ. P. 215.4(b). Because Hodge filed a response, the trial court's inquiry
was limited to whether Hodge's response complied with Rule 198. See Tex. R. Civ. P. 215.4(a). 
Accordingly, we hold that the trial court failed to correctly analyze and apply Rules 198 and 215
when it considered the merits of Hodge's responses, determined the responses were frivolous, and
granted the deemed admissions.


Adequate Remedy By Appeal


 Fitts and Gill allege they are entitled to recover workers' compensation death benefits and
predicate their case on allegations that are incorporated in the deemed admissions. Hodge contends
that because the deemed admissions "irrefutably establish all matters they encompass," a victory on
the merits is assured for Fitts and Gill because Hodge will be unable to present any defense to the
allegations. Consequently, Hodge contends that he has no adequate remedy by appeal. We agree.

 In his response to Fitts and Gill's motion to deem admissions and in his motion to reconsider
the trial court's adverse ruling, Hodge contended that he has a viable defense to Fitts and Gill's
contention that the prior stipulations are binding in the underlying proceeding. However, a deemed
admission cannot be contradicted by testimony, affidavit, or documentary evidence. Marshall v.
Vise, 767 S.W.2d 699, 700 (Tex. 1989). Therefore, as long as the deemed admissions exist, Hodge
correctly asserts that he cannot "attack, overcome, or circumvent them." Consequently, the deemed
admissions prohibit Hodge from presenting his defense, regardless of its merit, and Fitts and Gill are
assured a victory on their cause of action. Furthermore, Hodge has filed a third-party action alleging
fraud, misrepresentation, and conspiracy in the settlement of the first lawsuit. The deemed
admissions ensure that Hodge's liability to Fitts and Gill will be unaffected even if he prevails on
the third-party claims. Accordingly, we conclude that Hodge has no adequate remedy by appeal from
the trial court's discovery order. See Walker, 827 S.W.2d at 843 (appeal not an adequate remedy
where the party's ability to present a viable claim or defense at trial is vitiated or severely
compromised by the error).


Conclusion
 

 Based upon our review of the record and applicable law, we hold that the trial court abused
its discretion in granting the deemed admissions requested by Fitts and Gill. We further hold that
appeal is not an adequate remedy because Hodge's ability to present a viable defense at trial is
vitiated by the error. Therefore, we conditionally grant mandamus relief. We trust that the trial court
will promptly vacate its letter order signed on July 9, 2002 granting the deemed admissions. The
writ will issue only if it fails to do so.

 SAM GRIFFITH 

 Justice



Opinion delivered December 11, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



















(DO NOT PUBLISH)





O R D E R



December 11, 2002



NO. 12-02-00314-CV



IN RE: STEVEN HODGE d/b/a H&M FARMS


Relator


V.


HONORABLE JAMES N. PARSONS, III.,


Respondent







ORIGINAL PROCEEDING








 On this day came on to be heard the petition for Writ of Mandamus filed by
Steven Hodge d/b/a H&M Farms. Said petition for writ of mandamus having been filed herein
by leave of Court on October 30, 2002, and the same having been duly considered, because it is
the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED,
ADJUDGED AND ORDERED that the petition for writ of mandamus be, and the same is,
Conditionally Granted.

 And because it is further the opinion of this Court that the trial judge will
act promptly and Vacate its Letter Order Signed on July 9, 2002 Granting Deemed
Admissions Requested by Janet Fitts and Pam Gill, the writ will not issue unless the
Honorable James N. Parsons, III, Judge of the Third Judicial District Court of Henderson County,
Texas fails to comply with this Court's order within thirty (30) days from the date of this order.

 It is further ORDERED that Steven Hodge d/b/a H&M Farms, pay all
costs incurred by reason of this proceeding.

 Opinion by Sam Griffith, Justice.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.
1. Fitts and Gill are the mothers of the minor children.
2. If a response is not timely served, the request is considered admitted without the necessity of a court order. 
Tex. R. Civ. P. 198.2(c).