NO.
12-06-00096-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

$9,460.00 U.S. CURRENCY and     §                      APPEAL
FROM THE 273RD

1999 LINCOLN TOWN CAR
LP J73PBJ,

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SAN
AUGUSTINE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            This is an
appeal from a civil forfeiture proceeding under Chapter 59 of the Texas Code of
Criminal Procedure.  The trial court
ordered forfeited to the State $9,460.00 in currency and a 1999 Lincoln Town
Car, which had been seized from Jerome Deion Cutwright.  In a single issue, Cutwright contends the
trial court erred in refusing to withdraw the deemed admissions upon which the
State relied in support of its motion for summary judgment and in granting the
State’s motion for summary judgment.  We
reverse and remand.

 

Background

            On
March 21, 2005, in response to information from a confidential informant, law
enforcement officers executed a search and arrest warrant at Cutwright’s
residence.  Thereafter, the State filed a
notice of seizure and intended forfeiture of items found during the search,
$9,460.00 in United States currency and a 1999 Lincoln Town Car, alleging that
the money and vehicle were contraband involved in the commission of several
drug related offenses.  Cutwright filed
three separate responses.  

            On
November 14, 2005, the State sent its request for admissions, interrogatories,
and production of documents.  Cutwright’s
attorney’s secretary picked up the request from the post office on November
29.  Cutwright responded to the State’s
request on January 3, 2006.  On January
17, 2006, the State filed a motion for summary judgment arguing that Cutwright’s
late filed response entitled it to rely on deemed admissions which, in turn,
entitled it to forfeiture as a matter of law. 

            Cutwright
filed a response to the State’s motion on February 3, 2006, asserting that “a
genuine issue of material fact exists as to Movant’s claim of failure to
properly answer Requests for admissions on time.”  He also asserted that he mailed the response
and all requested admissions were answered. 
He attached affidavits of Bryan Laine, his attorney, and Stephanie
Henry, Mr. Laine’s secretary.  The
affidavits explain that Henry had been recently hired and was unfamiliar with
the required procedures and their importance. 
She had not made written note of the date she picked up the State’s
request for admissions, but she told Laine she received them on December 2,
2005.  

            In
his affidavit, Laine explained that Henry had no legal experience and began
working for him at a time when it was very hard for him to teach her.  He stated that, because of “the storm,” their
local post office was not delivering mail regularly and he was not always at
his office because he was at home making repairs to recover from the
storm.  Laine stated in his affidavit
that he learned of the motion for summary judgment[1] when the district
attorney called to determine why he had not received the green card showing
receipt of the document.  He then stated
that he waited a few more days and asked Henry to pick it up.  Laine also stated that he had been very sick
between Christmas and New Year’s Day.  He
asserted that the response was timely if calculated from December 2, 2005.  Further, any untimeliness was not intentional
but a neglectful and accidental miscalculation. 
Finally, he asserted that the State had not been harmed in any way.  

            The
motion was originally set to be heard on February 9, 2006.  Cutwright obtained a continuance and the
hearing was reset for February 16.  Laine
was late for the summary judgment hearing, and the trial court had already
granted the motion by the time he arrived. 
He then filed a motion to dismiss the cause of action and a request that
the deemed admissions be withdrawn for good cause.  He attached the same two affidavits in
support of the withdrawal request.  Three
months later, the trial court signed the summary judgment in favor of the
State.

 

Deemed
Admissions

            In
his sole issue, Cutwright contends the trial court improperly granted the State’s
motion for summary judgment, which was based on deemed admissions.  He argues that the trial court abused its
discretion in failing to withdraw the deemed admissions because his failure to
timely file a response was an accident or mistake, not intentional or the
result of conscious indifference.  He
further contends that withdrawal of the deemed admissions would not result in
undue prejudice to the State.  He argues
that it would not delay trial or significantly hamper the State’s ability to
prepare for trial.  Finally, Cutwright
asserts that the deemed admissions should be stricken based on the principles
of equity because the discovery rules should not be used to prevent a litigant
from presenting the truth.

Applicable Law

            Although
they relate to criminal proceedings, forfeiture proceedings involving seized
property are civil in nature, and the rules of civil procedure apply.  See Tex.
Code Crim. Proc. Ann. art. 59.05 (Vernon 2006).  Within thirty days after service of a request
for admissions, the responding party must serve a written response on the
requesting party.  Tex. R. Civ. P. 198.2(a).  If a response is not timely served, the
request is considered admitted without the necessity of a court order.  Tex.
R. Civ. P. 198.2(c).  

            A
party may withdraw a deemed admission upon a showing of good cause for such
withdrawal if the court finds that the parties relying upon the responses will
not be unduly prejudiced and that the presentation of the merits of the action
will be subserved thereby.  Stelly
v. Papania, 927 S.W.2d 620, 622 (Tex. 1996).  A party can establish good cause by showing
that its failure to answer was accidental or the result of a mistake, rather
than intentional or the result of conscious indifference.  Id.  Undue prejudice depends on whether
withdrawing an admission or filing a late response will delay trial or
significantly hamper the opposing party’s ability to prepare for it.  Wheeler v. Green, 157 S.W.3d
439, 443 (Tex. 2005).

            A
trial court has broad discretion to permit or deny the withdrawal of deemed
admissions.  Stelly, 927
S.W.2d at 622.  An abuse of discretion
occurs when a court acts without reference to guiding rules or principles, or
acts arbitrarily or unreasonably.  Id.

Discussion

            Cutwright’s
response to the request for admissions was not filed within thirty days of
November 29, the day Henry retrieved the request from the post office.  However, the affidavit testimony shows that
during this time period his attorney had a new, inexperienced secretary and the
aftermath of a major storm, Hurricane Rita, disrupted mail delivery as well as
his attorney’s schedule.  Further, the
response was timely filed if calculated from December 2, the date Henry told
Laine she picked up the request. While it appears that Laine neither adequately
trained his new secretary to keep track of deadlines nor adequately tracked
deadlines or monitored mail himself, this record does not indicate that his
failure to respond timely was intentional or the result of conscious
indifference.  

            Among
the deemed admissions are matters that go to the heart of the controversy.  While their existence makes the State’s case
easily disposable on summary judgment, there is nothing in the record to
suggest that the State was unable to prepare for trial without the admissions.  See Wheeler, 157 S.W.3d at
443-44.  Moreover, the response was
already on file prior to the summary judgment hearing.  Therefore, the State already knew what the
substituted responses were.  The State
would have suffered no prejudice by withdrawal of the deemed admissions other
than having to prove its case rather than rely on deemed admissions.  See Cudd v. Hydrostatic Transmission,
867 S.W.2d 101, 105 (Tex. App.–Corpus Christi 1993, no writ).  Accordingly, the trial court abused its
discretion in failing to grant the motion to withdraw deemed admissions.  See Stelly, 927 S.W.2d at
622.  Further, because the motion for
summary judgment was entirely dependent on the deemed admissions, granting that
motion was also improper.  See Cudd,
867 S.W.2d at 105.  We sustain Cutwright’s
sole issue. 

 

Disposition

            We
reverse the trial court’s judgment and remand the
cause to the trial court for further proceedings.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion
delivered July 11, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)











    
[1] It is clear from the context
that Laine actually referred to the State’s request for admissions.