

# NUMBER 13-11-00796-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAIME RODRIGUEZ,                                                              Appellant,

v.

ALLAN KAPILIVSKY,                                                              Appellee.

**On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Justice Rodriguez**

This is an appeal from an order granting summary judgment in favor of appellee Allan Kapilivsky. The trial court granted summary judgment on appellant Jaime Rodriguez's deemed admissions because Rodriguez failed to timely respond. *See* TEX. R. CIV. P. 198.2(c). By three issues, Rodriguez contends that the trial court erred in (1)

denying his motion to strike the deemed admissions because he showed that his untimely responses were the result of an accident or a mistake and that Kapilivsky would not have been unduly prejudiced by allowing the admissions to be stricken; (2) granting Kapilivsky's motion for summary judgment based on the deemed admissions because the evidence did not establish all elements of Kapilivsky's breach of contract claim as a matter of law; and (3) denying his motion for new trial and reconsideration.[1]   We reverse and remand.

## I.   BACKGROUND[2]

Kapilivsky sued Rodriguez for breach of contract, claiming that Rodriguez had defaulted on a note.   Rodriguez filed an answer generally denying the allegations in Kapilivsky's original petition, asserting the affirmative defense of the right of offset or credit, and specifically denying notice.   In addition, by a verified plea, Rodriguez asserted that he was not liable in the capacity in which he was sued, that there was a defect in parties because the proper defendant is Weslaco Diagnostic Imaging Center, LTD., and that he did not sign the note in his individual capacity.

Kapilivsky served Rodriguez—through his trial counsel—with Kapilivsky's first set of requests for admissions.   Rodriguez concedes that he did not timely serve a response to the request, and because the response was untimely, the requests were deemed admitted.

Kapilivsky subsequently filed a traditional motion for summary judgment.   He

---

[1] Kapilivsky filed no appellee's brief to assist us in the resolution of this case.   Accordingly, we consider this appeal based only on Rodriguez's brief and the appellate record.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

2

based his motion on the deemed facts. Rodriguez responded to Kapilivsky's motion for summary judgment. He also filed a motion to strike his deemed admissions. In support of his motion to strike, Rodriguez attached his attorney's affidavit explaining the circumstances of the failure to respond. His attorney averred that when he returned to his office after receiving the requests, he accidently misfiled them. He did not calendar the requests, and because they were not calendared, he failed to remember them and did not timely serve a response. Rodriguez's attorney first learned of his error when he received Kapilivsky's motion for summary judgment. He discovered the original requests when he searched his files.

Rodriguez claims that he requested that the trial court consider his motion to strike before the summary judgment motion so that its ruling would be based on the merits of the case, rather than on a procedural defect. However, following the hearing, the trial court granted summary judgment for Kapilivsky and denied all relief not specifically granted by the judgment, including Rodriguez's motion to strike his deemed admissions. Rodriguez filed a motion for new trial and for reconsideration, which was overruled by operation of law.

## II. MOTION TO STRIKE DEEMED ADMISSIONS

By his first issue, Rodriguez contends that the trial court erred in refusing to allow him to amend his admissions. He asserts that he untimely served the responses because of an accident or mistake and that Kapilivsky would not be prejudiced if he was allowed to withdraw the admissions.

3

## A.     Standard of Review

We review a ruling on a motion to strike deemed admissions for an abuse of discretion.   *See Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005) (per curiam).   "We recognize that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles."   *Id.* (citing *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam)).

## B.     Applicable Law

When a party fails to answer a request for admissions, the matters therein are deemed admitted without the necessity of a court order.   *See* TEX. R. CIV. P. 198.2(c). Such admissions are "'conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission.'"   *United States Fid. & Guar. Co. v.* Goudeau, 272 S.W.3d 603, 608 (Tex. 2008) (quoting TEX. R. CIV. P. 198.3).

The standard for determining if deemed admissions should be withdrawn is a showing of good cause and no undue prejudice.   *See Wheeler*, 157 S.W.3d at 442.   If a party seeking to withdraw the deemed admissions can satisfy these requirements, a trial court acts unreasonably in refusing to withdraw admissions and abuses its discretion. *See* TEX. R. CIV. P. 198.3(b); *Wheeler*, 157 S.W.3d at 442.   "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference."   *Wheeler*, 157 S.W.3d at 442 (citing *Carpenter v. Cimarron*, 98 S.W.3d 682, 687-88 (Tex. 2002)).

4

"Undue prejudice depends on whether withdrawing an admission . . . will delay trial or significantly hamper the opposing party's ability to prepare for it." *Id.* at 443 (citing *Carpenter*, 98 S.W.3d at 687-88). The rule governing admissions requires as part of the undue-prejudice prong that the "presentation of the merits [must] be subserved" by permitting withdrawal. TEX. R. CIV. P. 198.3(b). Presentation of the merits will suffer (1) if the [opposing] party cannot prepare for trial, or (2) if the requestor can prepare but the case is decided on deemed (but perhaps untrue) facts anyway. *Wheeler*, 157 S.W.3d at 443 n.2.

## C. Discussion

If Rodriguez's motion to strike the deemed admissions showed good cause and a lack of undue prejudice to Kapilivsky, the trial court acted unreasonably in denying the motion and thereby abused its discretion by not allowing the admissions to be withdrawn. *See* TEX. R. CIV. P. 198.3(b); *Wheeler*, 157 S.W.3d at 443.

### 1. Good Cause

Rodriguez supported his motion to strike the deemed admissions with the affidavit of his attorney. In the affidavit, counsel averred the following: (1) after he received Kapilivsky's requests for admissions, he accidently misfiled them; (2) he did not calendar these requests; (3) because the requests were not calendared, he failed to remember them and did not timely serve a response; (4) he first learned of his error when he received Kapilivsky's motion for summary judgment; and (5) he then discovered the original requests when he searched his files.

The record reflects that the failure to timely respond was due to circumstances and

5

mistakes made by Rodriguez's counsel. There is nothing in the record that indicates that the tardiness of the response was intentional or the result of conscious indifference, bad faith, or a callous disregard for the rules. We, therefore, conclude that the trial court abused its discretion if it denied Rodriguez's motion to strike on the basis that Rodriguez did not have good cause to withdraw his deemed admissions.

### 2. Lack of Undue Prejudice

Rodriguez also contends that Kapilivsky would not be prejudiced if he was allowed to withdraw his deemed admissions. First, it is undisputed that the trial date had not been set and that the discovery period had not ended. There was ample time for Kapilivsky, who had been aware of Rodriguez's general denial, his right-of-offset affirmative defense, and his verified pleas since the filing of his original answer, to continue discovery and request additional time from the trial court. *See Employers Ins. of Wausau v. Halton*, 792 S.W.2d 462, 467 (Tex. App.—Dallas 1990, writ denied) (op. on reh'g) ("[P]laintiff had almost a month before trial to conduct additional discovery to prove the matters previously admitted.").

Second, under Texas Rule of Civil Procedure 198, deemed admissions are to be stricken if they prevent a substantive trial on the merits, so long as the good cause element is satisfied. TEX. R. CIV. P. 198.3(b). Absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions. *Wheeler*, 157 S.W.3d at 443. In this case, the presentation of the merits of the action would have been subserved by permitting Rodriguez to withdraw his admissions. Otherwise, summary judgment would preclude a trial on the merits entirely. "When requests for admissions

6

are used as intended—addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents—deeming admissions by default is unlikely to compromise presentation of the merits." *Id.* (citing *Stelly*, 927 S.W.2d at 622). The requests for admissions sought by Kapilivsky were not these types of uncontroverted or evidentiary matters.

We conclude that Kapilivsky would not be unduly prejudiced by withdrawal of the deemed admissions. Thus, the trial court also abused its discretion if it denied Rodriguez's motion to strike on the basis that Kapilivsky would be prejudiced.

### 3. Summary

Because Rodriguez showed good cause and no undue prejudice, the trial court abused its discretion by not granting his motion to strike his deemed admissions. Accordingly, we sustain Rodriguez's first issue.

### III. MOTION FOR SUMMARY JUDGMENT

By his second issue, Rodriguez contends that the trial court erred in granting Kapilivsky's motion for summary judgment because the evidence did not establish all elements of his breach of contract claim, as a matter of law. We agree.

To prevail on a traditional summary-judgment motion, a movant must prove that there is no genuine issue regarding any material fact and that they are entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Having concluded that Rodriguez's deemed admissions should have been withdrawn by the trial court, Kapilivsky's motion for summary judgment could not

7

have been properly granted. Kapilivsky filed two affidavits in support of his motion, one verifying the authenticity of the discovery documents attached to the motion and another supporting his request for attorney's fees. There was no evidence that would have established that there was no genuine issue regarding any material fact and that Kapilivsky was entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little*, 148 S.W.3d at 381. Accordingly, we conclude that the trial court erred in granting summary judgment in favor of Kapilivsky. We sustain Rodriguez's second issue challenging the propriety of the trial court's grant of summary judgment, and we therefore necessarily sustain his third issue concerning the trial court's denial of his motion for new trial and for reconsideration.

## IV. CONCLUSION

We reverse the trial court's summary judgment granted in favor of Kapilivsky and remand this cause to the trial court for proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 13th
day of December, 2012.

8