

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00271-CV

———————————————

MICHAEL EVANGELISTA-YSASAGA AND THE PENNA GROUP, LLC,
Appellants

V.

SHANNON PANA, BERNARDO PANA, AND ACCP, LP, Appellees

———————————————

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-305051-18

———————————————

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

In a single issue, Appellants Michael Evangelista-Ysagaga and the Penna Group, LLC complain that the trial court's award of over $1.1 million in damages for negligence (legal malpractice) and breach of fiduciary duty to Appellees Shannon Pana, Bernardo Pana, and ACCP, LP was based on deemed admissions that the trial court did not allow them to withdraw. Appellants argue that this violated their due-process rights by precluding them from presenting the merits of their case.[1]

We will set aside a trial court's denial of a motion to withdraw deemed admissions only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) ("An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably."). The record reflects that Appellants did not move to withdraw the deemed admissions until after a two-day bench trial on the merits and entry of judgment.[2]

---

[1]When admissions are deemed as a discovery sanction to preclude a presentation of the case's merits, they implicate the same due-process concerns as other case-ending discovery sanctions. *Nguyen v. Nguyen*, No. 02-20-00070-CV, 2021 WL 3796082, at *10 (Tex. App.—Fort Worth Aug. 26, 2021, no pet.) (mem. op.) (citing *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011)). But those circumstances are not present here because the case's merits were presented during a two-day trial.

[2]The trial court's August 7, 2021 judgment states that it considered not only the deemed admissions but also "the testimony, exhibits, documentary evidence, arguments and briefs of counsel[,] and all pleadings and motions previously filed." Appellants do not expressly challenge the sufficiency of the evidence to support the trial court's judgment.

Specifically, four days after the trial court entered judgment, Appellants filed a combined verified motion for new trial and motion to set aside deemed admissions. In the motion and in his attached affidavit, Evangelista-Ysagaga claimed that Appellants had never received the request for admissions and that their first notice occurred when they received Appellees' motion to deem admissions, which he stated they received by email on July 30.[3] He also claimed in the motion (but not the affidavit) that during trial, he had "made an Oral Motion to Undeed [sic] the Admissions, which was overruled," a statement that is unsupported by the record.[4] He further stated, "Along with this Verified Motion for New Trial, [Appellants] further file this *Motion to Un-Deem Admissions* timely[5] in order to preserve the appellate

---

[3]Appellees filed a motion to deem admissions on July 19, stating that they had served the request for admissions on May 3 but had received no response. During his trial testimony, Evangelista-Ysagaga acknowledged that he understood that there had been a request for admissions and related motions filed in May and agreed that he did not respond until August 2, 2021, at midnight, hours before trial started that day. The motion to deem admissions was unnecessary because a failure to timely serve a response results in deemed admissions "without the necessity of a court order." Tex. R. Civ. P. 198.2(c). Nonetheless, the motion put Appellants on notice to promptly move to withdraw the deemed admissions. *See* Tex. R. Civ. P. 198.3.

[4]During his trial testimony, Evangelista-Ysagaga agreed that he had not filed a motion to withdraw the deemed admissions but stated that he "was intending on filing an oral motion." He did not actually move to withdraw the deemed admissions at any point during trial, and at closing, the trial court chastised him for failing to respond to the request for admissions and for failing "to ask that they be [struck]."

[5]Calling something timely does not make it timely. An objection is timely if it is asserted when a potential problem becomes apparent. *See First Nat'l Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329, 337 (Tex. App.—Dallas 2011, pet. denied). Evangelista-Ysagaga became aware of the deemed admissions by July 30 at the latest

record." His affidavit explained nothing beyond averring that he had not been timely served with the admissions request. *Cf.* Tex. R. Civ. P. 198.3 (stating that the court may permit a party to withdraw or amend an admission if the party shows good cause *and* the court finds that the parties relying on the deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the amendment or withdrawal).[6]

In their response to Appellants' motion, Appellees argued that "[a]t no time before the entry of judgment on August 9, 2021, did defendants ever file a written

---

but proceeded with trial on the merits and did not move to strike the deemed admissions until August 11.

[6]In the motion, Evangelista-Ysagaga claimed that Appellants' failure to respond was the result of accident or mistake because Appellees "failed to serve the *Requests for Admission* onto [Appellants'] counsel via email and/or [Appellants'] counsel never received a hard copy of the *Requests for Admission* from the post office." He also claimed that Appellants had a meritorious defense that "they presented at trial" in that "(1) [Appellees] failed to provide any credible non-hearsay evidence at trial supporting their claims for any alleged indebtedness whatsoever; and (2) [Appellees] failed to establish proximate caus[e] in their legal malpractice case by failing to try the 'case-within-a-case.'"

The trial court was the sole judge of the witnesses' credibility and the weight to be given their testimony, *see Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003), and Evangelista-Ysagaga testified during trial that he had continued with representation that he knew was outside his area of expertise and that he should have withdrawn. Further, the trial court did not allow Evangelista-Ysagaga to present evidence in support of his offset affirmative defense because he had "failed to produce any documents in the request to produce documents that would evidence the offset." The trial court added, "You failed to answer your disclosures, which would have shown your method of calculating your damages." Appellants do not complain on appeal about this ruling.

request to set aside admissions" or raise the allegations made in their motion. Appellees complained—as they do in their appellate brief—that waiting to raise a deemed-admissions complaint until after trial and entry of judgment is too late.

Under the circumstances presented here, we agree. Because Appellants knew about the deemed admissions but failed to ask the trial court to strike them before or during trial on the merits and failed to meet Rule 198.3's requirements, the trial court did not abuse its discretion by denying their motion.[7] We overrule Appellants' sole issue and affirm the trial court's judgment.[8]

---

[7]The due-process concerns raised in our supreme court's deemed-admissions jurisprudence pertain to the constitutional limits on the power of courts to dismiss an action without affording a party the opportunity for a hearing on the merits of his case. *Medina v. Zuniga*, 593 S.W.3d 238, 245 (Tex. 2019). Appellants had a full trial on the merits *before* they sought to withdraw the deemed admissions.

[8]In an unnumbered issue, *cf.* Tex. R. App. P. 38.1(f), Appellants argue that if Appellees proved negligence, then the trial court erred by not applying proportionate responsibility under Chapter 33 of the Civil Practice and Remedies Code. *See JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 702 (Tex. 2008) ("Chapter 33 . . . apportions responsibility among those responsible for damages in 'any cause of action based on tort.'"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a) (allocating determination of percentage of responsibility to trier of fact). However, Appellants did not raise this issue at trial or in their new-trial motion, and the trial court could have implicitly found that Appellees bore no responsibility for Appellants' negligence. When, as here, the trial court does not issue findings of fact and conclusions of law after a bench trial, we imply all fact findings necessary to support the judgment. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). Appellants requested findings and conclusions, *see* Tex. R. Civ. P. 296, but they did not file a notice of past-due findings and conclusions, *see* Tex. R. Civ. P. 297, and so were not entitled to them.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  May 11, 2023