**In re KELLOGG–BROWN & ROOT, INC., Relator.**

No. 12–01–00116–CV.

Court of Appeals of Texas, Tyler.

May 8, 2001.

Christi Dickson Feeney, Dallas, for Relator.

Joseph Bruegger, Dallas, for Real Party in Interest.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

WORTHEN, Justice.

In this original mandamus proceeding, Relator, Kellogg–Brown & Root, Inc. ("Brown & Root"), complains of the trial court's denial of its motion strike, withdraw, or amend deemed admissions. For the reasons stated below, we conditionally grant the writ of mandamus.

### BACKGROUND

In the underlying lawsuit, Plaintiff Martha A. Fambrough, Individually and as Personal Representative of the Heirs and Estate of Virgil V. Fambrough, Deceased, alleges that Virgil Fambrough contracted malignant mesothelioma from exposure to asbestos while working at La Gloria Oil and Gas in Tyler, Texas. More specifically, she contends that Brown & Root negligently performed construction work at La Gloria thereby exposing Virgil Fambrough to "asbestos containing dust." Further, she asserts that Brown & Root acted negligently in failing to warn or instruct Virgil Fambrough as to how to avoid being exposed to the asbestos. Finally, Martha Fambrough (hereinafter "Fambrough") claims that Brown & Root's negligence was a proximate cause of her damages.

On January 22, 2001, Fambrough served discovery requests, including requests for admission, via courier to Godwin, White and Gruber ("Godwin"), the law firm representing Brown & Root in this case.[1]

---

1. To establish that she delivered a set of discovery, including requests for admission, to Godwin on January 22, 2001, Fambrough relies upon her attorney's affidavit and a couri-

These discovery requests were directed to Godwin attorney George Carlton ("Carlton") and were received and signed for by someone at Godwin. Fambrough contends, through her attorney's affidavit, that Carlton told her attorney in July of 2000 that Godwin had been retained by Brown & Root in asbestos-related matters filed by her attorney's firm and other firms.

Brown & Root failed to respond to the discovery, including the requests for admission, within the time allotted by the Texas Rules of Civil Procedure. Thus, the requests for admission were deemed admitted. TEX.R. CIV. P. 198.2(c). On or about March 14, 2001, Fambrough's attorney contacted Christi Dickson Feeney ("Feeney"), one of the Godwin attorneys representing Brown & Root, concerning Brown & Root's failure to respond to the discovery requests propounded on January 22, 2001. According to Feeney's affidavit,[2] she was first made aware of the existence of this set of discovery during this telephone conversation. Unable to locate this discovery anywhere in the firm's files, on March 15, 2001, Feeney requested that Fambrough's attorney forward the discovery requests, including the requests for admission, to her. Feeney testified that immediately upon receipt of this discovery, she contacted Brown & Root's national counsel and began compiling answers to these requests. She also left a voice message with Fambrough's counsel indicating that she had been unable to locate the discovery propounded on January 22, 2001, but that answers to the discovery requests she received on March 15, 2001 would be delivered no later than Tuesday, March 20, 2001. On March 19, 2001, responses to the discovery requests, including the requests for admission, were delivered to Fambrough's counsel. In her affidavit, Feeney asserted that Brown & Root's failure to respond to the requests for admission was the result of accident or mistake, and was not intentional or the result of conscious indifference.

On March 20, 2001, Brown & Root filed a motion to strike, withdraw or amend deemed admissions pursuant to Rule 198.3 of the Texas Rules of Civil Procedure, which was set for hearing on April 16, 2001. After the hearing and after taking the matter under advisement, the trial court signed an order on April 17, 2001 denying Brown & Root's motion. This cause is set for trial on May 14, 2001. In their petition for writ of mandamus, Brown & Root asks this Court to issue a writ of mandamus, directing the trial court to (1) vacate its order denying Brown & Root's motion to strike, withdraw, or amend its deemed admissions, and (2) enter an order allowing Brown & Root to amend its deemed admissions.

## STANDARD OF REVIEW
### Clear Abuse of Discretion

A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to

---

er receipt apparently signed by an employee of Godwin. While this evidence may show that something was delivered to Godwin on that date, it does not appear to conclusively establish that requests for admission were, in fact, delivered. Nonetheless, in this opinion, we will assume that the delivery of the re-

quests for admission was adequately established.

**2.** Feeney's affidavit was attached to Brown & Root's motion to strike, withdraw or amend deemed admissions.

amount to a clear and prejudicial error of law.'" *Id.* (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). Further, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* at 840.

### Adequate Remedy by Appeal

Assuming the relator can establish that the trial court abused its discretion, the relator must also show that he has no other adequate remedy at law, such as an appeal. *Id.* In *Walker,* the Texas Supreme Court held that an appeal will be inadequate where the relator's

> [A]bility to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error ... [T]he relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources. We recently held that when a trial court imposes discovery sanctions which have the effect of *precluding a decision on the merits of a party's claims*—such as by striking pleadings, dismissing an action, or rendering default judgment—a party's remedy by eventual appeal is inadequate, unless the sanctions are imposed simultaneously with the rendition of a final, appealable judgment.

*Id.* (emphasis in original) (citing *Trans-American Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 (Tex.1991)).

### DEEMED ADMISSIONS

### Applicable Law

■ "A trial court has broad discretion to permit or deny the withdrawal of deemed admissions." *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996). Withdrawal or amendment of an admission is permitted on a showing of good cause and a finding by the trial court that (1) the party relying on the deemed admission will not be unduly prejudiced, and (2) presentation of the merits of the action will be served thereby. TEX.R. CIV. P. 198.3; *Wal–Mart Stores, Inc. v. Deggs,* 968 S.W.2d 354, 356 (Tex.1998); *Stelly,* 927 S.W.2d at 622. " 'Good cause' is established when the failure to respond is accidental or the result of mistake, rather than intentional or the result of conscious indifference." *Deggs,* 968 S.W.2d at 356; *Stelly,* 927 S.W.2d at 622. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." *Spiecker v. Petroff,* 971 S.W.2d 536, 538 (Tex.App.—Dallas 1997, no writ); *North River Ins. Co. of New Jersey v. Greene,* 824 S.W.2d 697, 700 (Tex.App.—El Paso 1992, writ denied). The party seeking withdrawal of deemed admissions has the burden to establish good cause. *Webb v. Ray,* 944 S.W.2d 458, 461 (Tex.App.—Dallas 1997, no writ).

In keeping with the applicable standards for the withdrawal of deemed admissions, the Texas Supreme Court has concluded that "the purpose of the rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the litigants' rights under established principles of substantive law." *Stelly,* 927 S.W.2d at 622; *see* TEX.R. CIV. P. 1. Further, the Supreme Court has stated that "[t]he discovery rules were not designed as traps for the unwary, nor should we construe them to prevent a litigant from presenting the truth." *Stelly,* 927 S.W.2d at 622; *see Deggs,* 968 S.W.2d at 357.

### Application of Law to Facts

■ Brown & Root argues that it established good cause for the withdrawal or amendment of its deemed admissions be-

cause on January 17, 2001, prior to service of the requests for admission at issue, attorneys with Godwin delivered objections and responses to requests for production on behalf of Brown & Root to Fambrough's attorney. The Godwin attorneys included in the signature block on these discovery responses were Donald E. Godwin, Warren R. Westberg, and Feeney. Brown & Root contends that Fambrough caused the untimely responses by directing the January 22, 2001 discovery to Carlton, rather than to the attorneys listed in the signature block on the January 17, 2001 discovery responses. We disagree. While Fambrough's mode of gleaning the identity of the attorney to whom discovery requests should be directed may have been imperfect, the fact that the discovery was directed to an attorney within the firm representing Brown & Root shifts the responsibility to the responding party to show that the failure to respond was due to an accident or mistake.

Nonetheless, having reviewed the record, we conclude that Brown & Root has demonstrated good cause for the withdrawal or amendment of its deemed admissions. Nothing in the record indicates that the failure to respond was intentional or the result of conscious indifference. The evidence is uncontroverted that Feeney never received the January 22, 2001 discovery and that after searching, she was unable to locate such discovery in her firm's files. Most important, Feeney's first knowledge of the unanswered admissions was when Fambrough's attorney telephoned her on March 14, 2001. When Feeney received the requests on March 15, 2001, she immediately contacted Fambrough's attorney and promised answers no later than March 20, 2001. Feeney then compiled responses to the forty-three requests for admission and delivered them to Fambrough's attorney on March 19, 2001, fifty-six days prior to trial and only twenty-six days after they were originally due. The facts here are similar to those cases where accident or mistake, rather than intent or conscious indifference, has been established. *See, e.g., Deggs*, 968 S.W.2d at 357 (good cause shown when Wal Mart did not receive requests directed to employee and immediately moved to withdraw the deemed admissions upon learning that employee had failed to respond); *North River Ins. Co.*, 824 S.W.2d at 701 (good cause established where failure to respond resulted from an inadvertent calendar diary error and counsel immediately advised opposing counsel of the oversight and requested an extension); *Employers Ins. of Wausau v. Halton*, 792 S.W.2d 462, 466 (Tex.App.—Dallas 1990, writ denied) (finding good cause even though responses were fifty-five days late where counsel was diligent in filing answers immediately after the missed deadline came to his attention). *Cf. Darr v. Altman*, 20 S.W.3d 802, 808 (Tex.App.—Houston [14th Dist] 2000, no pet) (good cause not established when party waited three months after receiving motion for summary judgment to answer the requests or move to withdraw or amend the deemed admissions).

■ Concerning prejudice to the opposing party, we note that the responses to the requests for admission were delivered eight weeks prior to trial. In light of the time Fambrough had to assess the responses and to take any appropriate action, we hold that she would not be unduly prejudiced by the amendment of the deemed admissions. *Compare Halton*, 792 S.W.2d at 467 (finding a lack of prejudice when the opposing party had almost a month to conduct additional discovery) *with Morgan v. Timmers Chevrolet, Inc.*, 1 S.W.3d 803, 807 (Tex.App.—Houston [1st Dist.] 1999, pet. denied) (finding undue prejudice where party waited two years, until after the trial began, to try to withdraw deemed admissions).

 With regard to whether the presentation of the merits would be served by amendment of the deemed admissions, Brown & Root argues that the trial court's denial of its motion to strike, withdraw or amend its deemed admissions eliminated its ability to present any viable defense at trial and acted as a death penalty sanction. We agree. By way of example, request numbers thirty-seven and thirty-nine asked Brown & Root to admit:

Request No. 37: That Brown & Root's failure to warn any person of the hazards of asbestos during its removal of asbestos-containing materials from the La Gloria Oil & Gas refinery constitutes negligence.

Request No. 39: That Brown & Root's negligence in failing to warn any person of the hazards of asbestos during its removal of asbestos-containing materials at the La Gloria Oil & Gas refinery was a proximate cause of the injuries of Virgil Fambrough, Deceased.

A matter that is "deemed admitted" is conclusively established against the admitting party unless the court permits withdrawal or amendment of the admission. TEX.R. CIV. P. 198.3. Having reviewed Fambroughs's allegations, we conclude that the deemed admissions at issue here would vitiate any substantive defense Brown & Root might have. In *Stelly,* the Supreme Court stated:

The primary purpose of [Rule 198] is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.

*Stelly,* 927 S.W.2d at 622 (quoting *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). Because the "ultimate purpose of discovery is to seek the truth," *Stelly,* 927 S.W.2d at 622, we conclude that the presentation of the merits of the case would be served by withdrawal or amendment of Brown & Root's deemed admissions. *Halton,* 792 S.W.2d at 467; *see also Powell,* 811 S.W.2d at 918 ("Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules").

### CONCLUSION

Based on the foregoing, we conclude that the trial court abused its discretion in denying Brown & Root's motion to strike, withdraw or amend its deemed admissions, and that Brown & Root lacks an adequate remedy by law. Accordingly, we conditionally grant the writ of mandamus. Because we are confident that the trial court will act promptly to (1) vacate its order of April 17, 2001 denying Brown & Root's motion to strike, withdraw or amend its deemed admissions, and (2) enter an order allowing Brown & Root to amend its deemed admissions, the writ will not issue unless the trial court fails to act accordingly within two days herefrom.