George THOMAS, Appellant

v.

SELECT PORTFOLIO SERVICING, INC., U.S. Bank National Association Trust, and Balboa Insurance Group, Appellees.

No. 09–08–00030–CV.

Court of Appeals of Texas, Beaumont.

Submitted June 11, 2009.

Decided July 16, 2009.

Michael C. O'Connor, O'Connor, Craig, Gould & Evans, Houston, for appellant.

Michael F. Hord, Jr., Hirsch & Westheimer, P.C., Levon G. Hovnatanian, Christopher W. Martin, Todd Lonergan, Martin, Disiere, Jefferson & Wisdom, L.L.P., Houston, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

George Thomas appeals the summary judgment granted to Select Portfolio Servicing, Inc. ("Select"), U.S. Bank National Association Trust as Trustee for EQCC Home Equity Loan Trust 1993–3 ("U.S. Bank"), and Balboa Insurance Group (hereinafter "Meritplan").[1] We hold that the summary judgment in favor of Select and U.S. Bank was improperly granted on deemed admissions, and that the summary judgment in favor of Meritplan improperly cast Thomas's negligence claim to recover for property damage incurred during a post-hurricane inspection as a claim for negligent claims handling. Accordingly, we reverse the summary judgment and remand the case to the trial court.

Thomas represented himself in the trial court. His pleadings alleged that Select and U.S. Bank negligently caused Thomas to lose personal property during the course of a post-foreclosure eviction. Thomas alleged that Meritplan caused damage to his roof when they dismantled a blue tarp while inspecting hurricane damage.

Answering Select's and U.S. Bank's requests for admissions, Thomas wrote "objection" for twenty-one of the thirty-three requests without identifying his actual objection. The remaining responses stated neither "admit" nor "deny" but contained sometimes lengthy explanations and objections. The trial court granted Select's and U.S. Bank's motion to deem the requests admitted, denied Thomas's motion to withdraw the deemed admissions, and granted Select's and U.S. Bank's motion for summary judgment based solely upon the deemed admissions.

Meritplan's motion for summary judgment attached as summary judgment evidence a copy of the insurance policy on Thomas's property. The mortgage protection policy insured Select's interest in the property, and Thomas was not a named insured. Meritplan's motion for summary judgment argued that, as a stranger to the insurance policy, Thomas could not assert a claim for breach of contract; that Thomas lacked standing to assert claims under the Insurance Code and Deceptive Trade Practices Act because he was neither an insured nor a consumer; and that the lack of privity precluded Thomas from asserting a claim for negligent claims handling. In his response, Thomas argued that he was in part complaining that an agent for the insurer climbed on the roof and caused damage by dismantling the blue tarp installed by FEMA. The trial court granted Meritplan's motion for summary judgment and entered a final take-nothing judgment as to all claims and parties.

1. U.S. Bank contended it was improperly named. Balboa Insurance Company also contended it was improperly named, and that its correct legal name is Meritplan Insurance Company.

Now represented by counsel, on appeal Thomas contends the trial court erred in failing to order Thomas to answer the requests as opposed to deeming them admitted. He also argues that the trial court erred in deeming admitted requests that were effectively denied. Rule 198 governs requests for admissions. *See* TEX.R. CIV. P. 198. "Unless the responding party states an objection ..., the responding party must specifically admit or deny the request or explain in detail the reasons that the responding party cannot admit or deny the request." TEX.R. CIV. P. 198.2(b). "A response must fairly meet the substance of the request." *Id.* "The responding party may qualify an answer, or deny a request in part, only when good faith requires." *Id.*

Although the instructions that accompanied the requests for admissions advised Thomas to answer "separately and fully in writing, under oath," instructed that each answer must be preceded by the question, informed Thomas that he had a duty to supplement his responses and that failure to respond could result in exclusion of his evidence at trial.

■ Most of Thomas's objections are improper because they fail to state the legal or factual basis for each objection, as required by Rule 193.2(a). *See Unifund CCR Partners v. Weaver,* 262 S.W.3d 796, 798 (Tex.2008) (citing TEX.R. CIV. P. 193.2(a)). Other objections do have a stated basis. In response to a request for an admission that Thomas had filed a federal lawsuit against Select, Thomas objected that the information was not relevant. In response to a request that he admit that he has no written documents evidencing his ownership of any personal property he claimed was stolen or damaged, Thomas objected that the whole neighborhood saw his belongings on the street. Thus, it appears that Thomas was objecting to the scope of the request. In another instance, Thomas responded "objection" but then qualified his response. One request for admission asked Thomas to admit that he was instructed to remove any personal property prior to when the constable secured the property pursuant to the writ of possession. Thomas responded as follows:

> Few months prior to the [eviction] a constable called and left a message in my answering machine about eviction. However, when I explained about the appeal at the Supreme Court, he told me to keep him informed of all negotiations. The negotiation continued until the final inspection through Mr. Michael Clark. No reply was received after the offer of $22,000.00. No proper notice was served.

In another qualified response, Thomas had been asked to admit that he "had no conversations with Defendants." Thomas replied "Always corresponded."

A number of responses did not say "denied" but nonetheless clearly denied the requested admission. Asked to admit that a constable served him with a writ of possession, Thomas said "no" and explained that he was out of town the day of the eviction. Asked to admit that the defendants have not caused him damages of any kind, Thomas responded, "I am not mentally retarded to say such things of vicious crimes did not happen." Thomas continues with a rather fanciful response, then says, "You cheats have damaged me for the rest of my life." To "[a]dmit that Defendants owe you no money", Thomas replied "Owe me over $500,000.00 plus personal expenses!" When asked to admit that the allegations in his petition are not true, Thomas responded that "[e]ach and every letter is true." When asked to admit that U.S. Bank currently has good title to the property that was collateral for Thomas's loan, Thomas replied "No."

Rule 215.4 governs the consequences of a failure to adequately respond to a request for admissions. Tex.R. Civ. P. 215.4.

> A party who has requested an admission under Rule 198 may move to determine the sufficiency of the answer or objection. For purposes of this subdivision an evasive or incomplete answer may be treated as a failure to answer. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of Rule 198, it may order either that the matter is admitted or that an amended answer be served. The provisions of Rule 215.1(d) apply to the award of expenses incurred in relation to the motion.

Tex.R. Civ. P. 215.4(a) (footnote omitted).

Here, the trial court granted the motion to deem the admissions after seven days and without conducting a hearing. For many of the requests for admission, Thomas's only response had been an objection with no stated legal or factual basis, so the record supports the trial court's implied finding that those responses are noncompliant with Rule 198. *See* Tex.R. Civ. P. 198.2(b). Therefore, we must determine whether the trial court abused its discretion in deeming the admissions rather than ordering Thomas to answer the requests, and, if the trial court could deem the admissions, whether the trial court erred in refusing to allow the deemed admissions to be withdrawn and answered and in granting summary judgment based upon the deemed admissions.

■ A trial court's discretion is limited by due process. *See Wheeler v. Green,* 157 S.W.3d 439, 443 (Tex.2005). "When requests for admissions are used as intended-addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents-deeming admissions by default is unlikely to compromise presentation of the merits." *Id.* (citation omitted). Due process concerns arise when a party uses deemed admissions to preclude presentation of the merits of a case. *Id.* Here, the trial court deemed admitted those requests that asked Thomas to agree to the genuineness of certain documents. However, the trial court also deemed admitted such statements as "Defendants have not caused you damages of any kind," "that Defendants owe you no money," "the allegations in your Petition in this lawsuit are not true," and "all causes of action alleged by you against Defendants are unsupported by any admissible evidence." The deemed admissions form the sole ground for Select's and U.S. Bank's motion for summary judgment. *Wheeler* warned that case-determinative discovery sanctions are permissible only when there is evidence of flagrant bad faith or callous disregard for the rules. *Id.* at 443–44. "[W]hen a rule itself turns on an actor's state of mind (as these do here), application may require a different result when the actor is not a lawyer." *Id.* at 444.

■ The record does not support a finding that Thomas acted in bad faith and with callous disregard for the rules. While the state of mind of a litigant cannot lessen his burden of proof, it does bear upon whether his failure to lodge proper objections to the requests is attributable to bad faith or callous disregard for the rules. Furthermore, Thomas did deny several of the requests upon which Select and U.S. Bank based their motion for summary judgment. Those admissions were deemed because Thomas offered a rambling explanation for his answer instead of using the word "denied." Moreover, in *Unifund,* the *pro se* litigant persisted in failing to serve his responses on the requesting party after being notified of the

deficiency in his response. *Unifund,* 262 S.W.3d at 798. Here, as was the case in *Wheeler,* Thomas attempted to rectify his error and respond to all of the requests.[2] *See Wheeler,* 157 S.W.3d at 441–42. Under the circumstances present in this case, the trial court erred in granting summary judgment on deemed admissions without providing Thomas an opportunity to withdraw the deemed admissions and supplement his responses. We sustain issue one.

■ In his second issue, Thomas contends the trial court erred in granting summary judgment in favor of Meritplan. The trial court granted summary judgment on various breach of contract and tort claims, only one of which Thomas has challenged on appeal. Thomas argues that Meritplan's motion did not address his claim that Meritplan negligently damaged Thomas's property. Thomas's petition alleged in part, as follows:

> During the process of evaluation, the insurance agents of Select Portfolio Servicing[,] Inc., namely, Balboa Insurance Group, decided to dismantle the blue tarp, installed by FEMA. They also walked on the roof and extensively used the hammer on the roof, causing further damages to the roof. They failed to replace the roof with any sort of blue tarp to prevent further leak of rain water inside the house, with a potential of further damaging the Plaintiff's belongings.

Thomas's pleading on damages stated that he sought to recover "[f]or causing further damages to the roof by removing the blue tarp installed by FEMA."

Meritplan moved for summary judgment on Thomas's contract claims on the ground that Thomas was not an insured. Merit-plan moved for summary judgment on Thomas's tort claims on grounds that: (1) the lack of an insurance contract between Thomas and Meritplan precluded asserting a claim for breach of duty of good faith and fair dealing; (2) Thomas lacked standing to assert claims under the Insurance Code because he was not an insured; (3) Thomas lacked standing to assert deceptive trade practices because he was not a consumer; and (4) Thomas lacked standing to assert a negligence claim, as follows:

> Also in the alternative, assuming for argument[']s sake only, that Plaintiff had an insurance contract with Defendant Meritplan, Plaintiff's claims that Defendant Meritplan was negligent in its inspection or handling of the claim fail as a matter of law. Texas law does not recognize a cause of action for negligent claims handling in the first party context. Rather, Texas courts hold that the *only* tort claims an insured may assert against its carrier arising from claims handling are: (1) breach of the duty of good faith and fair dealing, and (2) breach of the duty to exercise ordinary care and prudence in considering an offer to settle with policy limits; *i.e.,* a *Stowers* cause of action in the third party context. All other actions, such as Plaintiff's claim for negligent claims handling, if any, "have no legally independent basis and, therefore, are regarded merely as actions for breach of contract." Therefore, Plaintiff's negligence claim, if any, fails as a matter of law. (footnotes omitted).

On appeal, Meritplan argues the trial court properly granted summary judgment because the only negligence claim Thomas pled was for negligent claims handling. Meritplan argues that if a general duty in

---

**2.** Thomas identified the wrong defendant in his response, but that mistake was brought to the trial court's attention by Meritplan.

the performance of services exists, Thomas could not pursue a claim because the service it was performing was claims handling. Thomas argues that when Meritplan entered onto his property to inspect in reference to its handling of Select's insurance claim, it had a duty to not negligently damage Thomas's property.

 Meritplan reads Thomas's pleadings too narrowly. In a case in which the parties have a contractual relationship, "[t]he nature of the injury most often determines which duty or duties are breached." *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986). An injury restricted to economic loss to the subject of a contract itself sounds only in contract. *Id.* Meritplan's agents are not alleged to have been on Thomas's roof for the purpose of repairing it; rather, they were alleged to have been on Thomas's roof to evaluate Select's insurance claim. Thomas alleges that Meritplan's agents damaged the roof while they were on it. The agents may have been on the roof because the performance of Meritplan's contract with Select required them to be there, but the injury alleged here is unrelated to the amount payable under the insurance contract. The damages Thomas seeks to recover are damages to the roof caused by Meritplan's agents, not the hurricane.[3] This is an allegation of an injury arising out of common-law negligence, not contract. We sustain issue two.

We reverse the summary judgment and remand the case to the trial court for further proceedings.

REVERSED AND REMANDED.

---

3. Thomas made other allegations that do sound in contract and do ask for economic damages, but Thomas has abandoned those claims on appeal.