

NUMBER 13-09-00028-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JANICE PETREE,**                                                            **Appellant,**

**v.**

**SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY
AND ALLSTATE INDEMNITY COMPANY,**                              **Appellees.**

---

### On appeal from the 267th District Court
### of Victoria County, Texas.

---

# O P I N I O N

### Before Justices Yañez, Benavides, and Vela
### Opinion by Justice Benavides

Appellant, Janice Petree, appeals from the trial court's granting of summary

judgment in favor of appellees, Allstate Indemnity Company[1] ("Allstate") and Southern

---

[1] The style of the case lists two Allstate companies as defendants: Allstate Insurance Company and Allstate Indemnity Company. In its motion for summary judgment, Allstate referred to itself by both names without distinguishing between the two. The trial court granted "Defendant Allstate Indemnity Company's Motion for Summary Judgment" and then dismissed Petree's "claims against Defendant Allstate Insurance

Farm Bureau Casualty Insurance Company ("Southern Farm Bureau") (collectively, the "Appellees"). Petree asserts that (1) her due process rights were denied when the trial court granted summary judgment based on deemed admissions when she was never served with the request for admissions; and (2) the trial court erred by not granting Petree's motion for new trial because there was no competent summary judgment proof supporting the appellees' motions for summary judgment. We reverse and remand.

## I. BACKGROUND[2]

On August 21, 2002, Petree was traveling on U.S. highway 59 in Victoria County, Texas, when she was rear-ended by another driver. Petree was driving a vehicle owned by Jay Williams and insured by Allstate. On August 18, 2006, Petree sued Allstate Insurance Company and Southern Farm Bureau for breach of contract for refusing to pay underinsured motorist ("UIM") benefits. On April 4, 2007, Petree added Allstate Indemnity Company as an additional defendant. On May 6, 2008, Petree's counsel filed a motion to withdraw and a motion for continuance. On May 19, 2008, the trial court granted Petree's counsel's motion to withdraw and for continuance and noted that Petree's last known address was: "c/o Mr. Jay Williams, 3308 Coletoville Road, Victoria, Texas 77905." On May 27, 2008, in a letter dated May 22, 2008, Allstate sent to Petree, via certified mail, its request for admissions.[3] The request for admissions asked the following three questions:

Company." No party on appeal differentiates between the two companies, so we will treat them as one for purposes of this appeal.

[2] The facts underlying this case are not disputed.

[3] The summary judgment record does not contain a "green card" indicating receipt of the request for admissions. Allstate's request for admissions contains a certificate of service stating that the request was sent to Petree. The record also contains a print-out from the United States Postal Service website which demonstrates that a package with the same tracking label as the one attached to the request for admissions was delivered in Victoria, Texas but to a different zip code than the one associated with Petree's last known address on file with the trial court.

Do you admit or deny that the motor vehicle accident that occurred on August 21, 2002 between you and James Smith of [sic] which forms the basis of this lawsuit was 100% proximately caused by your negligence[?]

Do you admit or deny that you suffered no injuries as a result of the motor vehicle accident that occurred on August 21, 2008 between you and James Smith[?]

Do you admit or deny that you have no valid claim against Allstate Insurance Company and/or Allstate Indemnity Company under its insured, Jay Williams'[,] Underinsured Motorist coverage of his policy?[4]

On August 14, 2008, Allstate filed its motion for summary judgment based on Petree's failure to respond to its request for admissions, asserting that the admissions were deemed admitted and arguing that Petree was therefore unable to prove the requisites of her underlying UIM claim. On August 20, 2008, Southern Farm Bureau filed its motion for summary judgment making the same assertions as Allstate and relying on the deemed admissions to Allstate's request for admissions. On September 19, 2008, the trial court held a hearing on both motions for summary judgment. Petree, unrepresented since her counsel's withdrawal on May 19, 2008, attended the hearing pro se. The trial court granted both motions for summary judgment. Petree hired counsel, who filed a motion for new trial, which, after a hearing, was overruled by operation of law. *See* TEX. R. CIV. P. 329b. This appeal ensued.

## II. WAIVER

Before we discuss Petree's appellate issues, we must address the appellees' contention that Petree waived her right to complain about the deemed admissions because

---

[4] During oral argument, this Court strenuously admonished counsel for the appellees regarding the use of such requests for admissions. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (noting that the primary, intended purpose of requests for admissions is to "'simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. [They were] never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.'") (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)).

she learned of her failure to respond prior to judgment and had other avenues of relief available, such as filing a motion to withdraw the deemed admissions.  *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 798 (Tex. 2008) (per curiam).  We disagree.

In *Unifund*, Unifund CCR Partners ("Unifund") sued Weaver to recover an unpaid debt.  *Id.* at 797.  Unifund attached requests for disclosure and admissions to its citation. *Id.*  Weaver, proceeding pro se, filed an answer with his responses to the requests attached.  *Id.*  Although the face of Weaver's response indicated that he sent a copy to Unifund's attorney, and Weaver's signature follows the text, "CERTIFICATE OF SERVICE," Unifund's attorney filed an affidavit with his motion for summary judgment declaring that he never received the response.  *Id.*; *see* TEX. R. CIV. P. 21a, 198.2; *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) (noting that "[r]ule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee.  This presumption may be rebutted by an offer of proof of nonreceipt.") (citations omitted)).  Unifund claimed that it was entitled to summary judgment because "the facts set out in its requests for admissions were automatically admitted when Weaver failed to timely serve his responses."  *Unifund*, 262 S.W.3d at 797 (citing TEX. R. CIV. P. 198.2(c)).  The trial court granted Unifund's motion for summary judgment.  *Id.*

Weaver did not file a motion for new trial, and the first time he asserted that his responses were timely served was in his brief to the Waco Court of Appeals.  *Id.*  The Waco Court of Appeals reversed "because Weaver's responses to Unifund's request for admissions were on file when the summary judgment motion was granted."  *Id.*; *see* TEX. R. CIV. P. 166a(c) (stating that discovery responses set forth in the motion for summary judgment, along with the parties' admissions that are on file with the court at the time of the

4

summary judgment hearing, is competent summary judgment evidence); *R.I.O. Systems, Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 492 (Tex. App.–Corpus Christi 1989, writ denied) ("While the better practice is to attach all summary judgment evidence to the motion presented to the court, the rule itself states that the trial court shall consider all summary judgment evidence 'on file.'"). The supreme court affirmed, stating, "[E]ven if we broadly construe Weaver's post-judgment filing, Weaver waived his right to challenge the deemed admissions." *Unifund*, 262 S.W.3d at 798.

The supreme court distinguished *Unifund* from *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005) (per curiam), wherein a pro se appellant was permitted to raise, in a motion for new trial, the timeliness of her responses to requests for admissions, which were untimely filed and deemed admitted. *See Unifund*, 262 S.W.3d at 798. The supreme court noted that, in contrast to *Wheeler*, "even if we construe Weaver's post-judgment filing as a motion for new trial, Unifund's motion for summary judgment put him on notice of the deficiency of his response: that Unifund never received the response because Weaver had not served, or attempted to serve, the response on Unifund." *Id.*

We believe, however, that the present case is similar to *Wheeler*. 157 S.W.3d at 442. In *Wheeler*, sixty-four requests for admissions were deemed admitted because Wheeler, proceeding pro se, filed her response two days late due to a mistake regarding the "mailbox rule": Wheeler did not realize that the mailbox rule starts the clock running for her to respond to the requests on the day the requests are properly placed in the mail. *Id.* at 441; *see* TEX. R. CIV. P. 21a. Summary judgment was entered for Green based on the deemed admissions. *Wheeler*, 157 S.W.3d at 441. Green attached the requests for admission to his motion for summary judgment. *Id.* In his motion for summary judgment, "Green argued [that] Wheeler admitted every element of [Green's] claims against her by

5

failing to timely respond to the requests for admission and, therefore, he was entitled to judgment as a matter of law." *Wheeler v. Green*, 119 S.W.3d 887, 889 (Tex. App.–Dallas 2003), *rev'd*, 157 S.W.3d at 444. Wheeler did not file a response or a motion to withdraw the deemed admissions, though she did attend both summary judgment hearings. *Wheeler*, 157 S.W.3d at 441; *see* TEX. R. CIV. P. 198.3 (providing for the amendment or withdrawal of deemed admissions upon a showing of good cause, no undue prejudice, and that the "merits of the action will be subserved by permitting the party to amend or withdraw the admission").

Subsequent to summary judgment, Wheeler hired an attorney and filed a motion for new trial, arguing that the responses were timely filed and attaching copies of the responses. *Wheeler*, 157 S.W.3d at 442. Addressing the waiver issue, the supreme court held that Wheeler's motion for new trial was sufficient to raise her complaints because "nothing in this record suggests that before summary judgment was granted, [Wheeler] realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument." *Id.*

Here, Petree, proceeding pro se, did not file or serve a response to Allstate's request for admissions. The appellees filed motions for summary judgment based on the deemed admissions, which the trial court granted. Allstate attached an affidavit from its trial counsel to its motion for summary judgment stating, in pertinent part, that more than thirty-three days had passed since its requests for admissions were sent to Petree and that no response had been received. Following the granting of summary judgment, Petree hired an attorney who filed a motion for new trial asserting that Petree had never received the requests for admissions. Petree asked the trial court to grant a new trial and to "either

order [appellees] to re-serve their requests for admissions upon [her counsel] or allow [Petree] to file a motion to undeem the admissions." As in *Wheeler*, "the arguments and requests in [Petree's] motion for new trial were sufficient to put the trial court on notice of exactly" her complaint. *Id.* (citing TEX. R. APP. P. 33.1). We conclude that Petree was entitled to raise her complaints in her motion for new trial because nothing in the record suggests that before summary judgment was granted, Petree realized that she needed to move to withdraw deemed admissions or that she needed to file a response to the appellees' motions for summary judgment and raise the lack of service argument therein. *See id.*

## III. STANDARD OF REVIEW

We review de novo the trial court's granting of the appellees' traditional motions for summary judgment. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *see also Garcia v. Corpus Christi Civil Serv. Bd.*, No. 13-07-00585-CV, 2009 WL 2058892, at *3 (Tex. App.–Corpus Christi July 16, 2009, no pet.) (mem. op.). "The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense." *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999). When the movant's summary judgment proof is legally insufficient, "[t]he trial court may not grant summary judgment by default because the nonmovant did not respond to the summary judgment motion." *Id.* at 223. "The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law." *Id.*

## IV. DISCUSSION

From our reading of the record, it appears that, while Petree's claim sounded in

breach of contract, the appellees' motions for summary judgment asserted that they were not negligent. However, because the appellees argued in their motions for summary judgment that Petree admitted, through the deemed admissions, that she was 100% liable for the underlying accident and that she suffered no injuries from the accident, we construe appellees' motions as an attack on the elements of Petree's breach of contract claim based on the appellees' denial to pay UIM benefits to Petree. *See Brainard v. Trinity Univ. Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) ("UIM insurance utilizes tort law to determine coverage . . . [and] the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.") (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000)). To have a claim for UIM benefits, Petree must have obtained a judgment or settlement "establishing the negligence and underinsured status of the other motorist." *Id.* Therefore, to prevail on summary judgment, the appellees must have conclusively proven that the other driver was not negligent and not underinsured,[5] which they attempt to do utilizing the deemed admissions. *Id.*; *see Rhone-Poulenc, Inc.*, 997 S.W.2d at 223.

> Allstate's requests for admissions asked three questions:
>
> Do you admit or deny that the motor vehicle accident that occurred on August 21, 2002 between you and James Smith of [sic] which forms the basis of this lawsuit was 100% proximately caused by your negligence[?]
>
> Do you admit or deny that you suffered no injuries as a result of the motor vehicle accident that occurred on August 21, 2008 between you and James Smith[?]
>
> Do you admit or deny that you have no valid claim against Allstate Insurance Company and/or Allstate Indemnity Company under its insured, Jay Williams'[,] Underinsured Motorist coverage of his policy?

---

[5] No party contends that the other driver was not underinsured.

8

Because Petree did not timely serve responses to the requests, they were deemed admitted. *See* Tᴇx. R. Cɪᴠ. P. 198.2(c).

In their motions for summary judgment, the appellees rely on deemed admissions to the first two questions: (1) that Petree's negligence was 100% the proximate cause of the accident; and (2) that Petree incurred no injuries as a result of the accident. These two admissions defeat the prerequisite to a UIM claim: that she was damaged by the other driver's negligence. *See Brainard*, 216 S.W.3d at 818. Thus, the appellees argued to the trial court that they were entitled to summary judgment on Petree's breach of contract claim against them.

In Petree's first issue, she argues that the trial court denied her due process by granting the appellees' motions for summary judgment based on the deemed admissions, particularly when she did not receive the requests in the first place. The appellees respond that because Petree received all of the process that was due her, summary judgment was proper. We agree with Petree.

When the non-movant has not engaged in "flagrant bad faith or callous disregard for the rules," summary judgment is improper when the only evidence presented by the movant is in the form of merits-preclusive deemed admissions. *Cedyco Corp. v. Whitehead*, 253 S.W.3d 877, 881 (Tex. App.–Beaumont 2008, pet. denied); *Wheeler*, 157 S.W.3d at 443. This is so because "absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions . . . ." *Wheeler*, 157 S.W.3d at 443 (noting that, for due process purposes, merits-preclusive deemed admissions are the equivalent of merits-preclusive discovery sanctions); *see Whitehead*, 253 S.W.3d at 881 (holding that deemed admissions on pure questions of law are improper summary

9

judgment evidence); *Boulet v. State*, 189 S.W.3d 833, 838 (Tex. App.–Houston [1st Dist.] 2006, no pet.) (declaring that summary judgment in a forfeiture action may not be sustained on deemed admissions embracing the "fundamental legal issues to be tried").

> When requests for admissions are used as intended[—]addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents[—]deeming admissions by default is unlikely to compromise presentation of the merits.  But when a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due-process concerns arise [as in merits-preclusive discovery sanction cases].

*Wheeler*, 157 S.W.3d at 443 (citations omitted).

Here, the deemed admissions were on the prerequisite fundamental issue to be tried:  liability for and damages arising from the underlying accident.  *See Brainard*, 216 S.W.3d at 818; *Boulet*, 189 S.W.3d at 838.  A deemed admission that Petree was 100% the proximate cause of the accident defeats her negligence claim against the other driver as a matter of law.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001-.002 (Vernon 2008). Additionally, a deemed admission that Petree incurred no injuries as a result of the accident defeats her claims for damages against the other driver.  *See Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998) (setting forth the elements of a negligence cause of action).  Under the record before us, we find no evidence of flagrant bad faith or callous disregard for the rules on Petree's part.  *See Wheeler*, 157 S.W.3d at 443-44. There is no evidence that the appellees would be unable to prepare for a trial on the merits if Petree's admissions were withdrawn or would suffer undue prejudice.  *See id.* & n.2; TEX. R. CIV. P. 198.3 (noting the standard for withdrawing deemed admissions requires a showing of good cause for the withdrawal, lack of undue prejudice, and that the merits of the action will be subserved by permitting the withdrawal).  We conclude that, on this

10

record, the trial court erred in granting summary judgment, and we sustain Petree's first issue.[6]

## V. CONCLUSION

Having sustained Petree's first issue, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
24th day of June, 2010.

---

[6] Because we sustain Petree's first issue, we need not address her second issue. *See* TEX. R. APP. P. 47.1.