# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


## NO. 02-11-00349-CV

IN RE AMERICAN GUNITE                                    RELATOR
MANAGEMENT COMPANY, INC.

----------

ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

The issue we address in this original proceeding is whether the trial court abused its discretion by denying Relator American Gunite Management Company, Inc.'s motion to withdraw deemed admissions. Because the deemed admissions are merits-preclusive (in fact, Real Party in Interest Plaintiff has filed a motion for summary judgment in the trial court based solely on the deemed admissions), we hold that the trial court abused its discretion by denying American Gunite's motion to withdraw the deemed admissions.

---

[1]*See* Tex. R. App. P. 47.4.

The rules of civil procedure authorize deemed admissions when a party fails to respond to requests for admissions, essentially authorizing an automatic sanction without the necessity for filing a motion for sanctions. *See* Tex. R. Civ. P. 198.2(c); *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005). Requests for admissions, however, were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996). The true purpose of requests for admissions is to enable parties to eliminate uncontroverted matters. *See id.*

The purpose of the rules of civil procedure is to obtain a just, fair, equitable, and impartial adjudication of the litigants' rights under established principles of substantive law. Tex. R. Civ. P. 1; *Stelly*, 927 S.W.2d at 622; *In re Kellogg-Brown & Root, Inc.*, 45 S.W.3d 772, 775 (Tex. App.—Tyler 2001, orig. proceeding) (granting petition for writ of mandamus based on trial court's failure to set aside deemed, merits-preclusive admissions). The discovery rules were not designed as traps, nor should we construe them to prevent a litigant from presenting the truth. *Stelly*, 927 S.W.2d at 622; *Kellogg-Brown & Root, Inc.*, 45 S.W.3d at 775. Thus, when merits-preclusive admissions are deemed admitted as an automatic discovery sanction under rule 198, they are nonetheless subject to the long-standing due-process principles applicable to other judicially imposed death penalty sanctions and must be set aside absent flagrant bad faith or callous disregard for the rules. *See Wheeler*, 157 S.W.3d at 443; *Petree v. S.*

2

*Farm Bureau Cas. Ins. Co.*, 315 S.W.3d 254, 259 (Tex. App.—Corpus Christi 2010, no pet.) ("'[A]bsent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions.'" (quoting *Wheeler*, 157 S.W.3d at 443)); *Approximately $1,589.00 v. State*, 230 S.W.3d 871, 875 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (explaining that "a trial court should permit withdrawal of merits-preclusive, deemed admissions if the record contains no evidence of flagrant bad faith or callous disregard for the rules"); *In re Rozelle*, 229 S.W.3d 757, 764 (Tex. App.—San Antonio 2007, orig. proceeding) (conditionally granting writ of mandamus because trial court abused its discretion by refusing to set aside merits-preclusive, deemed admissions absent evidence of flagrant bad faith or callous disregard for the rules); *see also Duff v. Spearman*, 322 S.W.3d 869, 885 (Tex. App.—Beaumont 2010, pet. denied); *Thomas v. Select Portfolio Servicing, Inc.*, 293 S.W.3d 316, 320 (Tex. App.—Beaumont 2009, no pet.). Once the trial court acknowledges the merits-preclusive effect of the deemed admissions, the due process concern is automatically raised under the applicable law. *See Wheeler*, 157 S.W.3d at 443; *Rozelle*, 229 S.W.3d at 762.

American Gunite and Real Party in Interest Plaintiff entered into two Rule 11 agreements extending the deadline for each party to respond to discovery requests. The deadline set by the second Rule 11 agreement was May 30, 2011. American Gunite served its responses to requests for admissions on June 9, 2011, ten days late. The lawsuit had been filed on February 14, 2011, less

3

than four months before American Gunite served its ten-day-late responses to requests for admissions; no depositions had been scheduled or taken, and there was not a trial setting. At the hearing on American Gunite's motion to withdraw the deemed admissions, its counsel explained,

> We entered into informal settlement discussions, which continue to this day, Your Honor.
>
> And toward that end, in an effort to keep costs down, which apparently has gone awry, we entered into two separate Rule 11 Agreements to extend discovery for us to respond until May 30th.
>
> While those discussions were going on, my client and I inadvertently missed the deadline, that May 30th deadline to respond. As soon as we did realize that we had missed the deadline and that we were mistaken, we served our discovery responses. They were approximately nine days late.
>
> . . . .
>
> Good cause exist[s] if the failure to timely serve was the result of mistake or inadvertence, which is exactly what happened in this case, Your Honor. We just missed the deadline out of a mistake. It was not a conscious or deliberate effort on our part.

At the hearing on American Gunite's motion to withdraw the deemed admissions, Real Party in Interest Plaintiff, the trial court, and American Gunite all recognized that many of the deemed admissions were merits-preclusive.[2] Prior to the hearing, Real Party in Interest Plaintiff had already filed a motion for summary judgment based solely on the deemed admissions. At the hearing, the

---

[2]For example, one of the requests for admissions asked American Gunite to "[a]dmit or deny that you have failed to perform under your Gunite Warranty." Another asked, "Admit or deny that Plaintiff is entitled to summary judgment on all of its causes of action alleged in the Petition."

trial court recognized the merits-preclusive effect of the deemed admissions. The trial court stated on the record, "You may want to set [Real Party in Interest Plaintiff's motion for summary judgment] as quickly as possible because it looks to me that these admissions stipulate you out on liability." At the hearing, American Gunite's counsel pointed out the merits-preclusive nature of the deemed admissions: "Again, Your Honor, it's particularly important to allow withdraw and amendment when the admissions are merits-preclusive. And a cursory review of the admissions demonstrates that they are exactly that."

Although Real Party in Interest Plaintiff, the trial court, and American Gunite all recognized the merits-preclusive effect of the deemed admissions, and although no evidence was presented to the trial court of flagrant bad faith or callous disregard for the rules, the trial court denied American Gunite's motion to set aside the deemed admissions.[3] We hold that the trial court abused its

---

[3]The trial court stated on the record that

the reason I'm not [granting the motion to withdraw the deemed admissions is because] [t]here w[ere] two notices of deadlines affirmatively stated signed as part of the Rule 11 Agreement. To not enforce it would be to say I'm not enforcing a Rule 11 agreement. And I'm not willing to do that.

Thus, the trial court refused to apply rule 198.3's good-cause and lack-of-prejudice standards because it apparently determined that these standards were inapplicable to discovery dates contained in a rule 11 agreement. But the automatic sanction of deeming requests admitted absent a timely served response is provided for in rule 198.2(c). See Tex. R. Civ. P. 198.2(c) (providing that "[i]f a response is not timely served, the request is considered admitted without the necessity of a court order"). Absent application of rule 198.2(c), no automatic sanction exists for a party's failure to timely serve responses to

5

discretion by denying American Gunite's motion to set aside the deemed admissions because the deemed admissions were merits-preclusive and the record contains no evidence of flagrant bad faith or callous disregard for the rules by American Gunite. *See, e.g.*, *Wheeler,* 157 S.W.3d at 443; *Stelly*, 927 S.W.2d at 622; *Duff*, 322 S.W.3d at 885; *Petree*, 315 S.W.3d at 259; *Thomas*, 293 S.W.3d at 320; *Approximately $1,589.00*, 230 S.W.3d at 875; *Rozelle*, 229 S.W.3d at 764; *Kellogg-Brown & Root, Inc.*, 45 S.W.3d at 775. Accordingly, we conditionally grant the petition for writ of mandamus. We order the trial court to withdraw its August 19, 2011 order denying American Gunite's motion to withdraw deemed admissions and to enter an order permitting withdrawal of the deemed admissions. The writ will issue only if the trial court fails to comply within ten days.

SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

---

requests for admissions. If rule 198.2(c)'s automatic sanction is to apply to responses to requests for admissions not timely served by a date set forth in a rule 11 agreement, then rule 198.3's good-cause and lack-of-prejudice provisions must likewise apply. *See* Tex. R. Civ. P. 198.3. It is illogical to apply the automatic sanction provision of rule 198 to the violation of a discovery deadline set in a rule 11 agreement but to hold that the good-cause and lack-of-prejudice provisions of rule 198.3 do not apply to the violation of a discovery deadline set in a rule 11 agreement. The record before us alternatively conclusively establishes rule 198.3's requisites of good cause and lack of prejudice. We alternatively hold that the trial court abused its discretion by not granting American Gunite's motion to withdraw on this basis as well.

DELIVERED:  October 3, 2011