02-11-349-CV








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-11-00349-CV 

 

 




 
 
 In re American Gunite Management Company, Inc.
  
 
 
  
 
 
 RELATOR
 
 




----------

 

ORIGINAL PROCEEDING

----------

 

MEMORANDUM
OPINION[1]

----------

 

          The
issue we address in this original proceeding is whether the trial court abused
its discretion by denying Relator American Gunite Management Company, Inc.’s
motion to withdraw deemed admissions.  Because the deemed admissions are
merits-preclusive (in fact, Real Party in Interest Plaintiff has filed a motion
for summary judgment in the trial court based solely on the deemed admissions),
we hold that the trial court abused its discretion by denying American Gunite’s
motion to withdraw the deemed admissions.

The
rules of civil procedure authorize deemed admissions when a party fails to
respond to requests for admissions, essentially authorizing an automatic
sanction without the necessity for filing a motion for sanctions.  See Tex.
R. Civ. P. 198.2(c); Wheeler v. Green, 157 S.W.3d 439, 443 (Tex. 2005). 
Requests for admissions, however, were “never intended to be used as a demand
upon a plaintiff or defendant to admit that he had no cause of action or ground
of defense.”  Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996).  The
true purpose of requests for admissions is to enable parties to eliminate
uncontroverted matters.  See  id.

The
purpose of the rules of civil procedure is to obtain a just, fair, equitable,
and impartial adjudication of the litigants’ rights under established
principles of substantive law.  Tex. R. Civ. P. 1; Stelly, 927 S.W.2d at
622;  In re Kellogg-Brown & Root, Inc., 45 S.W.3d 772, 775 (Tex.
App.—Tyler 2001, orig. proceeding) (granting petition for writ of mandamus
based on trial court’s failure to set aside deemed, merits-preclusive
admissions).  The discovery rules were not designed as traps, nor should we
construe them to prevent a litigant from presenting the truth.  Stelly,
927 S.W.2d at 622; Kellogg-Brown & Root, Inc., 45 S.W.3d at 775. 
Thus, when merits-preclusive admissions are deemed admitted as an automatic
discovery sanction under rule 198, they are nonetheless subject to the
long-standing due-process principles applicable to other judicially imposed
death penalty sanctions and must be set aside absent flagrant bad faith or
callous disregard for the rules.  See Wheeler, 157 S.W.3d at 443; Petree
v. S. Farm Bureau Cas. Ins. Co., 315 S.W.3d 254, 259 (Tex. App.––Corpus
Christi 2010, no pet.) (“‘[A]bsent flagrant bad faith or callous disregard for
the rules, due process bars merits-preclusive sanctions.’” (quoting Wheeler,
157 S.W.3d at 443)); Approximately $1,589.00 v. State, 230 S.W.3d 871,
875 (Tex. App.––Houston [14th Dist.] 2007, no pet.) (explaining that “a trial
court should permit withdrawal of merits-preclusive, deemed admissions if the
record contains no evidence of flagrant bad faith or callous disregard for the
rules”); In re Rozelle, 229 S.W.3d 757, 764 (Tex. App.––San Antonio
2007, orig. proceeding) (conditionally granting writ of mandamus because trial
court abused its discretion by refusing to set aside merits-preclusive, deemed
admissions absent evidence of flagrant bad faith or callous disregard for the
rules); see also Duff
v. Spearman, 322 S.W.3d 869, 885 (Tex. App.––Beaumont
2010, pet. denied); Thomas v. Select Portfolio Servicing, Inc., 293
S.W.3d 316, 320 (Tex. App.––Beaumont 2009, no pet.).  Once the trial court
acknowledges the merits-preclusive effect of the deemed admissions, the due
process concern is automatically raised under the applicable law.  See Wheeler,
157 S.W.3d at 443; Rozelle, 229 S.W.3d at 762. 

American
Gunite and Real Party in Interest Plaintiff entered into two Rule 11 agreements
extending the deadline for each party to respond to discovery requests.  The deadline
set by the second Rule 11 agreement was May 30, 2011.  American Gunite served
its responses to requests for admissions on June 9, 2011, ten days late.  The
lawsuit had been filed on February 14, 2011, less than four months before
American Gunite served its ten-day-late responses to requests for admissions;
no depositions had been scheduled or taken, and there was not a trial setting. 
At the hearing on American Gunite’s motion to withdraw the deemed admissions,
its counsel explained, 

We entered into
informal settlement discussions, which continue to this day, Your Honor.

 

And toward that end,
in an effort to keep costs down, which apparently has gone awry, we entered
into two separate Rule 11 Agreements to extend discovery for us to respond
until May 30th.

 

While those
discussions were going on, my client and I inadvertently missed the deadline,
that May 30th deadline to respond.  As soon as we did realize that we had
missed the deadline and that we were mistaken, we served our discovery
responses.  They were approximately nine days late.

 

                    . . . .

 

          Good cause
exist[s] if the failure to timely serve was the result of mistake or
inadvertence, which is exactly what happened in this case, Your Honor.  We just
missed the deadline out of a mistake.  It was not a conscious or deliberate
effort on our part. 

 

At
the hearing on American Gunite’s motion to withdraw the deemed admissions, Real
Party in Interest Plaintiff, the trial court, and American Gunite all
recognized that many of the deemed admissions were merits-preclusive.[2]  Prior to the
hearing, Real Party in Interest Plaintiff had already filed a motion for
summary judgment based solely on the deemed admissions.  At the hearing, the
trial court recognized the merits-preclusive effect of the deemed admissions. 
The trial court stated on the record, “You may want to set [Real Party in
Interest Plaintiff’s motion for summary judgment] as quickly as possible because
it looks to me that these admissions stipulate you out on liability.”  At the
hearing, American Gunite’s counsel pointed out the merits-preclusive nature of
the deemed admissions:  “Again, Your Honor, it’s particularly important to
allow withdraw and amendment when the admissions are merits-preclusive.  And a
cursory review of the admissions demonstrates that they are exactly that.”   

Although
Real
Party in Interest Plaintiff, the trial court, and American Gunite all
recognized the merits-preclusive effect of the deemed admissions, and although
no evidence was presented to the trial court of flagrant bad faith or callous
disregard for the rules, the trial court denied American Gunite’s motion to set
aside the deemed admissions.[3] 
We hold that the trial court abused its discretion by denying American Gunite’s
motion to set aside the deemed admissions because the deemed admissions were
merits-preclusive and the record contains no evidence of flagrant bad faith or
callous disregard for the rules by American Gunite.  See, e.g., Wheeler,
157 S.W.3d at 443; Stelly, 927 S.W.2d at 622; Duff, 322
S.W.3d at 885; Petree, 315 S.W.3d at 259; Thomas, 293 S.W.3d at
320; Approximately $1,589.00, 230 S.W.3d at 875; Rozelle, 229
S.W.3d at 764; Kellogg-Brown & Root, Inc., 45 S.W.3d at 775.  Accordingly,
we conditionally grant the petition for writ of mandamus.  We order the trial
court to withdraw its August 19, 2011 order denying American Gunite’s motion to
withdraw deemed admissions and to enter an order permitting withdrawal of the
deemed admissions.  The writ will issue only if the trial court fails to comply
within ten days.

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  October 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]For example, one of the
requests for admissions asked American Gunite to “[a]dmit or deny that you have
failed to perform under your Gunite Warranty.”  Another asked, “Admit or deny
that Plaintiff is entitled to summary judgment on all of its causes of action
alleged in the Petition.”





[3]The trial court stated on
the record that 

the reason I’m not [granting the motion
to withdraw the deemed admissions is because] [t]here w[ere] two notices of
deadlines affirmatively stated signed as part of the Rule 11 Agreement.  To not
enforce it would be to say I’m not enforcing a Rule 11 agreement.  And I’m not
willing to do that.    

Thus, the trial court refused
to apply rule 198.3’s good-cause and lack-of-prejudice standards because it
apparently determined that these standards were inapplicable to discovery dates
contained in a rule 11 agreement.  But the automatic sanction of deeming requests
admitted absent a timely served response is provided for in rule 198.2(c).  See
Tex. R. Civ. P. 198.2(c) (providing that “[i]f a response is not timely served,
the request is considered admitted without the necessity of a court order”). 
Absent application of rule 198.2(c), no automatic sanction exists for a party’s
failure to timely serve responses to requests for admissions.  If rule
198.2(c)’s automatic sanction is to apply to responses to requests for
admissions not timely served by a date set forth in a rule 11 agreement, then rule
198.3’s good-cause and lack-of-prejudice provisions must likewise apply.  See
Tex. R. Civ. P. 198.3.  It is illogical to apply the automatic sanction
provision of rule 198 to the violation of a discovery deadline set in a rule 11
agreement but to hold that the good-cause and lack-of-prejudice provisions of rule
198.3 do not apply to the violation of a discovery deadline set in a rule 11
agreement.  The record before us alternatively conclusively establishes rule
198.3’s requisites of good cause and lack of prejudice.  We alternatively hold
that the trial court abused its discretion by not granting American Gunite’s
motion to withdraw on this basis as well.